LILLIAN G. COPP *vs.* MAINE CENTRAL RAILROAD COMPANY.

Somerset. Opinion December 19, 1905.

*Railroads. Negligence. Trespassers on Railroad Track. Locomotive Engineer not Guilty of Negligence, When. When and When not Bound to Stop.*
*R. S., c. 52, § 77.*

1.   That a railroad company does not prosecute persons walking upon its railroad track between crossings and stations in violation of R. S., c. 52, sec. 77, does not authorize persons to so use its tracks.

2.   Persons walking upon railroad tracks are bound to apprehend that locomotives may be swiftly approaching at any time and are bound to be continually on the watch for them and to leave the track in season to avoid collision with them.

3.   Engineers running locomotives are not bound to stop, or even decrease the speed of the locomotive, merely because they see persons walking upon the track. They may ordinarily assume that such persons have made themselves aware of the approach of the locomotive and will seasonably leave the track for its free passage.

4.   If such engineer makes all possible effort to stop the locomotive as soon as he has reason to believe that a person walking upon the track is in fact not aware of the approach of the locomotive, he is not guilty of negligence.

5.   In this case the engineer besides the customary whistles at crossings, blew sharp warning whistles as he approached the plaintiff who was walking on the outside of the left rail. He also shut off steam but let the locomotive drift expecting the plaintiff would, at the last, step off out of the way of the locomotive. As soon as it became evident to him that the plaintiff might not do so, he did all he could to avoid running upon her but without avail. He was not guilty of negligence in not sooner apprehending she would not leave the track.

On report. Judgment for defendant.

Action on the case to recover damages for personal injuries sustained by the plaintiff and caused by the alleged negligence of the defendant, by one of its servants, a locomotive engineer. Tried at the March term, 1905, of the Supreme Judicial Court, Somerset County. Plea, the general issue. At the conclusion of the evidence, the case was reported to the Law Court for decision upon so much of the evidence as was competent and legally admissible.

The case sufficiently appears in the opinion.

*S. W. Gould and Fred F. Lawrence*, for plaintiff.

*Nathan & Henry B. Cleaves & Stephen C. Perry, and White & Carter, and Walton & Walton*, for defendant.

SITTING: EMERY, STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

EMERY, J. While the plaintiff, a woman twenty-eight years old, was walking along and upon the defendant company's railroad track on her way to visit a friend, she was overtaken and injured by a locomotive operated by the defendant in the regular course of its business at that place. She did not look behind her nor take any other measures to become apprised of the approach of trains or locomotives, though she was aware that the track where she was walking was used, not only for the passage of regular trains, but also for shifting cars, making up trains, &c.

To extricate herself from the position of a trespasser upon the track, she showed that other persons frequently and even habitually walked upon the track at that place without being forbidden by the defendant company. This however did not give her any right to walk on the track. Not only was the railroad company entitled to the exclusive use of its track between crossings and stations as this place was, but she was forbidden by statute to walk upon it. R. S., ch. 52, sec. 77. That the defendant company did not prosecute violators of this statute did not legalize her act nor protect her from its consequences.

To relieve herself from the inference of gross carelessness on her

part, she says she was walking on the outside of the left hand rail and thought she was walking far enough from it to be out of danger. Her opinion that she was in no danger does not alter the patent fact that she had voluntarily placed herself, and was voluntarily remaining, in a position conspicuously fraught with imminent danger. She says she was hard of hearing, but that very fact made it all the more reckless for her to walk on the track.

Finally she claims that, however great her own negligence, it was past and over before the locomotive struck her, and hence was no part of the proximate cause of the collision and her injury; that the engineer was negligent in not stopping the locomotive as he might have done after he saw her and before he reached her; that her negligence was anterior to his, and hence his was the sole proximate cause of the injury.

Of course, even if she were a trespasser, the defendant company's servants could not lawfully disregard her presence on the track and recklessly run over her, but, even if she were a licensee as she claims, they owed her no special duty of care such as they owed to those whose right or duty it was to be on the track.

It is common knowledge that people frequently walk on railroad tracks, and if locomotive engineers were bound to stop or decrease speed every time they saw a person on the track, the operation of the railroad would be greatly hindered to the detriment of the public. It is also common knowledge that persons thus walking on railroad tracks and aware of the approach of a locomotive, will often remain on the track until the locomotive is within a few feet of them, before they step aside.

In this case the engineer could rightfully assume that the plaintiff was of ordinary intelligence, that she was aware of the danger of her position, that she would exercise the care due in such a position, that she would seasonably look or listen for trains and locomotives and seasonably step out of their way. He had given the usual warning signals, loud enough for the neighborhood to hear distinctly. He even shut off steam and let the locomotive drift when he saw she did not step off at once. As she was on the left of the track and he on the right he supposed she had stepped off, and when it was seen

by the fireman on the left that she had not, it was too late to prevent the collision though every reasonable effort was made to do so. In all this there is no evidence that the engineer was negligent.

The plaintiff, however, claims that a high bank of snow at her left, formed by railroad snow plows, prevented her stepping aside and that the engineer should have known it. The evidence does not support that theory. She did not try to step aside, and it is not established that she could not, much less that the engineer should have known that she could not.

The case is similar in principle to the case *Garland* v. *Maine Central R. R. Co.*, 85 Maine, 519. There, the plaintiff in driving a loaded team across the railroad track at a highway crossing became stuck on the crossing. The engineer saw the team, and even saw it was not moving, but did not then undertake to stop his train. As soon as he saw that the team could not be moved, he did all he could to stop his train but it was too late to avoid the collision. It was held that there was no evidence of his negligence, that he was not in fault in not sooner comprehending that the plaintiff would haul a load on the crossing he could not haul off. So, in the case now at bar, we hold that the engineer was not in fault in not sooner comprehending that for any reason the plaintiff would not at last step aside.

We base our decision on the absence of sufficient evidence of negligence on the part of the engineer, and hence have no occasion to determine whether the plaintiff's negligence was contributory.

*Judgment for the defendant.*