## CHICAGO GREAT WESTERN R. CO. v. McCORMICK.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1912.)

### No. 3,729.

1. EXECUTORS AND ADMINISTRATORS (§ 448*)—PETITION—AMENDMENT.

It was not error to permit plaintiff administratrix, after the jury had been impaneled, to amend by averring that her appointment was by a local court of a different county from that first alleged.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1846, 1847; Dec. Dig. § 448.*]

2. MASTER AND SERVANT (§ 236*)—DEATH OF SERVANT—RAILROADS—OPERATION OF TRAINS—CONTRIBUTORY NEGLIGENCE.

Decedent, a railroad engineer, was killed by the derailment of his engine at a point where section men engaged in repairing the track had removed a rail. As he approached he saw a hand car on the track and a crowd of section men near by, but he did not check speed until it was too late to avoid derailment. He was not flagged, nor were there any torpedoes used to warn him of the danger. Held, that the hand car and men only became a warning which the engineer was obliged to heed when it became reasonably apparent that the track would not be cleared for the passage of the train, and that he was not negligent in failing to slacken speed or stop until he had reasonable ground to believe that the

trackmen did not intend to remove the car and tools in time to prevent a collision.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 723–742; Dec. Dig. § 236.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST TO CHARGE.

It is not error to refuse a request to charge, the subject of which has been covered by instructions given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. MASTER AND SERVANT (§ 296*)—DEATH OF SERVANT—OPERATION OF RAILROADS—NEGLIGENCE.

Decedent, a railroad engineer, was killed by the derailment of his engine at a point where trackmen had removed a rail. Defendant requested the court to charge that the engineer was guilty of contributory negligence if he knew there was a hand car or cars standing on the track and men working on the track at the place where the derailment occurred, as his engine approached from the west, in sufficient time to have enabled him to have gotten his train under control and to have stopped the same before reaching the place where the rail was removed. Held, that such request was equivalent to a request for a declaration that decedent was negligent as a matter of law, and was properly refused, as ambiguously or incorrectly stating the time when the men and hand car on the track became a warning, requiring affirmative action by the engineer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

5. MASTER AND SERVANT (§ 228*)—DEATH OF SERVANT—RAILROADS—CONTRIBUTORY NEGLIGENCE.

In an action for death of a railroad engineer, engaged on a train being operated in interstate commerce, brought under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), a request to charge that a finding of contributory negligence would result in a verdict for defendant was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

6. APPEAL AND ERROR (§ 274*)—INSTRUCTIONS—EXCEPTIONS—SCOPE.

An exception to an instruction cannot be enlarged on appeal, so as to present an objection not presented to the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1631–1645; Dec. Dig. § 274.*]

7. EVIDENCE (§ 5*)—JUDICIAL NOTICE—FACTS OF COMMON KNOWLEDGE.

The court will take judicial notice of the fact that it is dangerous for a train in motion to strike a hand car on the track.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. § 5.*]

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by Margaret McCormick, as administratrix of John McCormick, deceased, against the Chicago Great Western Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Fred P. Carr, of Des Moines, Iowa (George H. Carr, of Des Moines, Iowa, on the brief), for plaintiff in error.

Robert Healy, of Ft. Dodge, Iowa (Healy & Healy, of Ft. Dodge, Iowa. and M. F. Healy, of Storm Lake, Iowa, on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOOK, Circuit Judge. John McCormick, an engineer in the service of the Chicago Great Western Railroad Company, was killed by the derailment of his engine at a point in Iowa where section men engaged in repairing the track had removed a rail. His wife, as administratrix, claiming that no warning of the broken track was given him, sued the company and obtained judgment.

[1] Complaint is made by the company that after the jury had been impaneled the trial court allowed the plaintiff to amend her petition by averring that her appointment as administratrix was by a local court of a different county from that first stated, thereby in effect, as claimed, permitting the substitution of a new plaintiff. There was no error in this. The giving of leave to amend was well within the discretion of the trial court. There are a multitude of cases upholding the action of trial courts, where the changes in the character and positions of the parties as stated in their pleadings were as radical as that questioned here.

[2] There was evidence that McCormick's train was flagged by one of the section crew sent back for the purpose; also evidence to the contrary. But as the verdict was for the plaintiff we must assume no warning was given either by flag or by torpedoes on the rails, and that the company was negligent in that respect. We therefore turn to the defense of contributory negligence. It was admitted in plaintiff's petition that when three-fourths of a mile away McCormick saw a hand car upon the track and the crowd of section men near by. He then had ample time to stop the train, but he continued at high speed until too late to stop and avoid derailment. The effect, as a warning, of the presence of the hand car and the section men upon and about the track, was submitted to the jury, with instructions respecting the duty of the engineer. The trial court charged the jury that the engineer had a right to assume the track was in a reasonably safe condition for the passage of his train, that it was customary for men to work on and along a track kept open for traffic, and that an engineer on an approaching train is not required to slacken speed or stop until he knows or has reasonable grounds for believing they are not going to remove their hand cars, tools, and implements and get off the track—that "after such knowledge, or after reasonable grounds to so believe, then if he fails to exercise care to stop it, he may be chargeable with negligence." We think this is a correct statement of the law applicable to the case. If the man sent back by the section foreman failed to use the flag or torpedoes, the engineer might very properly have assumed the track was safe, though he saw the hand car and the men in the distance. Common experience in railroading would not have led him to suspect a broken track from their presence. Warnings of unsafety are given in other ways. It is not the custom to take the mere presence of men and implements as notice of danger. The efficient operation of railroads forbids it. The hand car and the men on and about the track only became a warning upon which the engineer was obliged to act when it became reasonably apparent the track would not be cleared for the passage of the train. Various phases of the principle upon which this proceeds are recognized in Illinois Central R. Co. v. Ackerman, 144

Fed. 959, 76 C. C. A. 13; Railroad v. Summers, 173 Fed. 358, 97 C. C. A. 328; Evans v. Railroad, 178 Mo. 508, 77 S. W. 515; Copp v. Railroad, 100 Me. 568, 62 Atl. 735; Nelling v. Railroad, 98 Iowa, 554, 63 N. W. 568, 67 N. W. 404; Fisk v. Railroad, 111 Iowa, 392, 82 N. W. 931. It may be said in this connection that the head brakeman, who was riding in the cab on the fireman's box, testified that it appeared to him that the men were making an effort to remove the hand car. The other witnesses denied that was the case; but, if it also appeared that way to the engineer, it would account for his not sooner checking the speed of the train.

[3-5] It is claimed that the court erred in refusing to give four instructions asked by the company. The subject of them was covered by the charge of the court above noted. Besides this, they either ambiguously or incorrectly stated the time when the men and car on the track became a warning to affirmative action by the engineer. For example, one was that the engineer was guilty of contributory negligence if he "knew * * * that there was a hand car or hand cars standing upon the track and men working upon the track at the place where the derailment occurred, as his train approached from the west, in sufficient time to have enabled him to have got his train under control * * * and to have stopped the same" before reaching the place where the rail had been removed. Under the conceded facts this was equivalent to a request for a declaration of contributory negligence as matter of law. It would have declared the duty to stop the train, though the engineer reasonably believed at the time the track would be cleared. By another of these instructions a finding of contributory negligence was to be followed by a verdict for the company, though the train was engaged in interstate commerce and the action was brought under the act of Congress (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]) which provides that contributory negligence shall not bar a recovery, but that the jury shall diminish the damages proportionately.

[6] Complaint is also made of parts of the charge to the jury. The only one of which special mention need be made is that where the court, in referring to the men and hand cars at the place of derailment, said:

"That fact of itself—the fact that he [the engineer] could see them, or the fact that he did see them—is not of itself evidence of his contributory negligence."

The court evidently meant that the fact referred to did not by itself establish contributory negligence, and not that it was not evidential. Moreover, this view of the instruction was expressed in the exception taken by counsel at the time. The exception did not direct the attention of the court to the particular point of objection, and on appeal it is too late to enlarge or change it.

[7] The court sustained an objection to a question asked a witness for the company whether there is danger of a train being derailed by striking a hand car on the track. The train in question was derailed by the break in the track, not by the hand car. It is a matter of com-

mon knowledge, and needs no evidence to prove, that it is dangerous for a train in motion to strike a hand car upon the track, and that was all there was of importance in that matter bearing upon the negligence of the engineer.

The judgment is affirmed.