(June 24, 1914.)

## J. T. ELDER, Administrator, Appellant, v. IDAHO–WASHINGTON NORTHERN RAILROAD, a Corporation, Respondent.

[141 Pac. 982.]

AMENDMENT—REFUSAL OF—NONSUIT—JUDGMENT OF.

   1. It is not an abuse of discretion upon the part of the trial court to refuse permission to amend a pleading where upon appeal a case has been remanded for a new trial, and where the amendments sought were directly contradictory to the original allegations, and where the amendments were sought for the apparent purpose of avoiding matters formerly alleged and proven in the case, and upon which issue had been joined, where no showing is made of excusable inadvertence or mistake, or of fraud upon the part of the other party contributing thereto.

   2. Evidence examined and *held* that upon close of plaintiff's case a nonsuit was properly granted.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. John M. Flynn, Judge.

Action to recover damages for personal injuries. Judgment of nonsuit entered at close of plaintiff's case. Motion for a new trial denied. Plaintiff appeals from judgment of nonsuit· and from order denying new trial. *Affirmed.*

Elder & Elder and Stiles & Devaney, for Appellant.

The court should have permitted the amended complaint to be filed and served, and in failing to do so it did not make reasonable use of a sound discretion in the premises, and its action should therefore be reversed and the amendments permitted. (*Flaherty v. Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac. 40.)

Where the defendant has discovered or should have discovered the peril of a person to which his own negligence may have exposed him in the first instance, and it is apparent that he cannot escape therefrom or for any reason does not make the effort to do so, or is apparently oblivious to or un-

aware of his exposed condition and danger, the duty at once becomes imperative for the defendant to use all reasonable care under the circumstances with the means and facilities at hand to avoid injuring him, and if this is not done the defendant becomes liable in damages notwithstanding the negligence of the injured party. (*Pilmer v. Boise Traction Co.,* 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91; 2 Bailey on Personal Injuries, 2d ed., sec. 504; *Havel v. Minneapolis etc. R. Co.,* 120 Minn. 195, 139 N. W. 137; *Neary v. Northern Pac. R. Co.,* 37 Mont. 461, 97 Pac. 944, 19 L. R. A., N. S., 446.)

The question of negligence should have been submitted to the jury. (*Schulz v. Chicago M. & St. Paul Ry. Co.,* 57 Minn. 271, 59 N. W. 192; *Chamberlain v. Missouri Pac. Ry. Co.,* 133 Mo. 587, 33 S. W. 437, 34 S. W. 842; *Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91.)

"Where the appearance indicates that a person upon the track is in such condition as to be either insensible of his danger or unable to avoid it, those in charge of the train must use all available means consistent with the safety of those on the train to stop." (*Campbell v. Kansas City etc. R. Co.,* 55 Kan. 536, 40 Pac. 997; *Cincinnati etc. Ry. Co. v. Long,* 112 Ind. 166, 13 N. E. 659; *Carrier v. Missouri Pac. R. Co.,* 175 Mo. 470, 74 S. W. 1002; *Isbell v. New York etc. R. Co.,* 27 Conn. 393, 71 Am. Dec. 78.)

Chas. L. Heitman, for Respondent.

Said amendments change the nature of the cause of action, as set forth in the original complaint. The court committed no error in refusing to allow the proposed amended complaints to be filed. (*Chemung Mining Co. v. Hanley,* 9 Ida. 786, 77 Pac. 226; *Warner v. Godfrey,* 186 U. S. 365, 376, 22 Sup. Ct. 852, 46 L. ed. 1203; *Union Pac. R. Co. v. Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. ed. 983.)

On a second trial, a party will not be permitted to amend his pleading, made with knowledge of all the facts, so as to deny facts which he had previously alleged, and upon which

an opinion on appeal had been based.   (*Lilly v. Menke,* 143 Mo. 137, 44 S. W. 730; *Box v. Chicago, R. I. & P. Ry. Co.,* 107 Iowa, 660, 78 N. W. 694.)

"In actions *ex delicto,* the wrongful act complained of is the cause of action, and an amendment of the petition should not be permitted where the effect would be either to substitute as a cause of action a wrongful act different from that alleged in the original petition; or to inject such wrong into the case as an additional cause." (*Peery v. Quincy etc. R. Co.,* 122 Mo. App. 177, 99 S. W. 14; *Chicago & A. R. Co. v. Scanlan,* 170 Ill. 106, 48 N. E. 826; *Illinois Cent. R. Co. v. Campbell,* 170 Ill. 163, 49 N. E. 314; *Crosby v. Seaboard Air Line Ry.,* 83 S. C. 575, 65 S. E. 827; *Peterson v. Pennsylvania R. Co.,* 195 Pa. 494, 46 Atl. 112; *Doran v. Thomsen,* 79 N. J. L. 99, 74 Atl. 267; *Mantle v. Dabney,* 47 Wash. 394, 92 Pac. 134; *Coker v. Monaghan Mills,* 119 Fed. 706; *Brown v. Edmonds,* 9 S. D. 273, 68 N. W. 734; *Ingold v. Symonds,* 134 Iowa, 206, 111 N. W. 802.)

The employees of respondent, in charge of switch engine 22, moving slowly, its bell ringing, the engine laboring and making a loud noise, were not bound to presume or to assume that an employee, familiar as Neil was with the manner of operating there, would ignore the going and coming of cars, and that they had a right to act upon the belief that Neil in the yards would take reasonable precaution for his own safety against the approach of switch engines, and had a right to assume that he would step off the track before engine No. 22 reached him.   (*Aerkfetz v. Humphreys,* 145 U. S. 418, 12 Sup. Ct. 835, 36 L. ed. 758; *Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91; *Smith v. Atlanta & C. R. Co.,* 130 N. C. 344, 42 S. E. 139; *Pennsylvania Co. v. Meyers,* 136 Ind. 242, 36 N. E. 32; *Louisville & N. R. Co. v. Cronbach,* 12 Ind. App. 666, 41 N. E. 15; *Campbell v. Kansas City etc. R. Co.,* 55 Kan. 536, 40 Pac. 997; *Cincinnati etc. Ry. Co. v. Long,* 112 Ind. 166, 13 N. E. 659, 663; *Carrier v. Missouri Pac. Ry. Co.,* 175 Mo. 470, 74 S. W. 1002.)

The railroad company owed to Neil or to any other of its employees who might be upon its track in its switching yards

the duty only to exercise ordinary care. The requirements of ordinary care and diligence are fully complied with when the usual signals are given and the train is being operated and the business conducted when the accident happens in the usual manner. (*Hogan v. Chicago etc. R. Co.,* 59 Wis. 139, 17 N. W. 632; *Norfolk & W. R. Co. v. Gesswine,* 144 Fed. 56, 75 C. C. A. 214.)

Engineers running locomotives are not bound to stop, or even decrease the speed of the locomotive, merely because they see persons walking upon the track. They may ordinarily assume that such persons have made themselves aware of the approach of the locomotive and will seasonably leave the track for its free passage. (*Copp v. Maine Cent. R. Co.,* 100 Me. 568, 62 Atl. 735; *Everett v. Los Angeles etc. Ry. Co.,* 115 Cal. 105, 43 Pac. 207, 46 Pac. 889, 34 L. R. A. 350; *Bookman v. Seaboard Air Line Ry.,* 152 Fed. 686, 81 C. C. A. 612; *Erickson v. St. Paul etc. R. Co.,* 41 Minn. 500, 43 N. W. 332, 5 L. R. A. 786; *Norfolk & Western R. Co. v. Dean,* 107 Va. 505, 59 S. E. 389; *Teel v. Ohio River R. Co.,* 49 W. Va. 85, 38 S. E. 518; *Raines v. Chesapeake & O. Ry. Co.,* 39 W. Va. 50, 19 S. E. 565, 24 L. R. A. 226; *Norwood v. Raleigh etc. R. Co.,* 111 N. C. 236, 16 S. E. 4; *Louisville & N. R. Co. v. Black,* 89 Ala. 313, 8 So. 246; *Nichols v. Louisville & N. R. Co.,* 9 Ky. Law Rep. 702, 6 S. W. 339; *Exum v. Atlantic Coast Line R. Co.,* 154 N. C. 408, 70 S. E. 845, 33 L. R. A., N. S., 169; *Hebert v. Louisiana etc. R. R.,* 104 La. 483, 29 So. 239; *Smalley v. Southern Ry. Co.,* 57 S. C. 243, 35 S. E. 489; *Waldron v. Boston etc. R. R.,* 71 N. H. 362, 52 Atl. 443; *Atlantic Coast Line R. Co. v. Miller,* 53 Fla. 246, 44 So. 247; Ray on Negligence of Imposed Duties, p. 134; Elliott on Railroads, sec. 1258; 33 Cyc. 800.)

WALTERS, District Judge.—This action has been before this court heretofore on appeal and is reported in *Neil v. Idaho & W. N. R. R. Co.,* 22 Ida. 74, 125 Pac. 331. The cause upon such former appeal was remanded for a new trial, and during which, upon the close of plaintiff's testimony, the defendant moved that plaintiff be nonsuited, which motion was

by the trial court granted and judgment of such import duly entered.

Motion for new trial was made by the plaintiff and by the court denied, and thereupon plaintiff has prosecuted an appeal from the judgment of nonsuit and dismissal and from said order denying the motion for a new trial. The original plaintiff, Joseph Neil, died after the second trial and prior to this appeal, and J. T. Elder, administrator, was substituted as party plaintiff.

1. After the cause was by this court remanded for a new trial, and prior to the same, plaintiff sought permission, by motion upon two separate occasions to file an amended complaint, and at the time of trial sought permission by motion to file an amendment to the original complaint, which each of said motions for amendment was by the trial court refused, and the rulings of the trial court in such regard are urged by the appellant as error.

The original complaint alleged, and upon which the action was first tried, that on the morning of October 4, 1910, the plaintiff was employed by defendant as a freight train conductor; that upon said morning said plaintiff was walking upon a track running parallel with the track upon which the freight train of which he had charge was standing, and at said time was inspecting the brakes, rods and other appliances on his said train; that while plaintiff was so engaged a switch engine in charge of certain of defendant's employees was run and propelled over and upon said track upon which plaintiff was walking, and over and upon plaintiff whereby he was injured; that the employees of defendant upon said switch engine *saw* plaintiff walking upon said track so engrossed in his work at a point 500 feet from said engine, and *sâw* and *knew* that plaintiff remained upon said track from the time he was first seen by defendant's employees upon said switch engine down to the time he was struck and run over by said switch engine; that plaintiff did not see said switch engine, but that, on the contrary, during all of said time the employees on said switch engine *did see* plaintiff upon said track and *knew* that plaintiff was in a position of imminent peril and

*knew* that plaintiff did not know of the approach of said locomotive.

By the several amendments which plaintiff sought to make, after this case was by the court remanded for new trial, and prior to a retrial of the same, it was sought to withdraw the allegations of knowledge upon the part of defendant's employees upon said switch engine of the presence of plaintiff upon the track, or that they had seen plaintiff upon the track prior to his injury.

It was sought to insert in lieu thereof allegations charging that the reason plaintiff had been run down by the switch engine was because defendant failed to station a "pilot" or "lookout" upon the rear of said engine so that those in charge of said engine might give suitable warning to any person in danger; that it had been the custom prior thereto for defendant to maintain such "lookout" upon switch engines when in motion, and further, that the same custom was observed by other steam railway companies; that those in charge of said engine failed and neglected to keep or maintain constantly or otherwise, or at all, a lookout or watch over or upon said railway track, but that had said defendant's employees done so, they would have observed plaintiff to be in a position of peril.

In short, it appears that the plaintiff sought to amend his original complaint from an allegation that defendant's employees had seen him prior to the injury, to an allegation that they had not seen him; had sought by amendment to deny what he had prior thereto affirmed; had quite clearly sought to change his form of action. Plaintiff sought to so do after his original action had been tried and upon appeal returned for retrial. The statute of limitations had run prior to the time two of said proposed amendments were applied for. The rule permitting amendments should not be so liberal as to permit litigants to speculate with the courts as to both the law and the facts, and if it should be ascertained after trial that the court views the law more favorable as to certain facts than to those pleaded, then by amendment to shift sail and assert the direct contrary as to facts in order to catch the more

favorable law. To permit the amendments to be made here sought would make possible such procedure.

In *Warner v. Godfrey,* 186 U. S. 365, 22 Sup. Ct. 852, 46 L. ed. 1203, the plaintiff brought suit to set aside a conveyance for actual fraud. After the case had been carried to an appellate court and decided there, they sought leave to amend their bill by asserting constructive fraud. The court held such amendment could not be made and spoke as follows:

"It would be highly inequitable to permit a litigant to press with the greatest pertinacity for years unfounded demands for specific and general relief, however much confidence he may have had in such charges, necessitating large expenditures by the defendants to make a proper defense thereto, after the submission of the cause, when the grounds of relief actually asserted were found to be wholly without merit, to allow averments to be made by way of amendment, constituting a new and substantive ground of relief."

In *Lilly v. Menke,* 143 Mo. 137, 44 S. W. 730, the court held that on a second trial, a party will not be permitted to amend his pleading, made with knowledge of all the facts, so as to deny facts which he had previously alleged, and upon which an opinion on appeal had been based, and said:

"It is intolerable to allow a party to assert a fact and maintain it at every step in a cause, until the court draws some unfavorable conclusion from the fact thus conclusively established, and then permit the same party, without any showing of inadvertence or mistake upon his part or any fraud on the part of his adversary contributing thereto, to deny his own assertion. To countenance this practice would be to encourage deceit and negligence. . . . . The rule requiring consistency of action is not an arbitrary one, but is grounded upon the nature of courts of justice. 'If,' says Bigelow in his work on Estoppel, 'parties in court were permitted to assume inconsistent positions in the trial of their causes, the usefulness of courts of justice would in most cases be paralyzed.' Certainly there can never be an end of litigation if, every time a suitor is cast upon the grounds assumed by himself, he may avoid all the consequences thereof by flatly

contradicting, without so much as an excuse for his conduct, all that he had alleged."

In *Peery v. Quincy, O. & K. C. R. Co.*, 122 Mo. App. 177, 99 S. W. 14, the circuit court of appeals of Missouri held that:

"In actions *ex delicto*, the wrongful act complained of is the cause of action, and an amendment of the petition should not be permitted where the effect would be either to substitute as a cause of action a wrongful act different from that alleged in the original petition, or to inject such wrong into the case as an additional cause."

The supreme court of Illinois in *Chicago & A. R. Co. v. Scanlan*, 170 Ill. 106, 48 N. E. 826, held:

"In an action for injuries caused by the falling of a scaffold, the original declaration averred that the scaffold fell owing to its faulty construction. An amended declaration, filed after the statute of limitations had run, charged negligence in overloading the scaffold. *Held,* that as this stated a new cause of action, the statute was a bar."

It is held in *Doran v. Thomsen*, 79 N. J. L. 99, 74 Atl. 267, as follows:

"Where, in an action to recover damages for personal injuries resulting from negligence, a judgment for the plaintiff has been reversed and a new trial awarded, an amendment of the plaintiff's declaration will not be allowed which would operate to institute a new and different suit between the parties and presenting other questions."

In *Mantle v. Dabney*, 47 Wash. 394, 92 Pac. 134, the supreme court of Washington laid down the following rule:

"Refusal to allow a defendant, after reversal of a judgment in his favor, to amend his answer by an allegation inconsistent with it and with the evidence and the theory of the case on the first trial, is not error."

In *Chemung Mining Co. v. Hanley*, 9 Ida. 786, 77 Pac. 226, this court has held as follows:

"Section 4229 was enacted for the protection of the diligent and those who have acted in good faith, and not for those guilty of inexcusable laches and who have neglected to pre-

serve their rights when they have had abundant opportunity accorded them for that purpose.''

It appearing that two of the three applications to amend were made after the statute of limitations had run; that all of the amendments were requested after this case had been returned for a new trial; that they were sought for the apparent purpose of avoiding proof of facts, which had been an obstacle to plaintiff on the appeal, and that the amendments sought were directly contradictory to the original allegation, we conclude that the trial judge did not abuse his discretion in refusing to permit appellant to amend his complaint in the respect requested. What is herein said, it must be understood, would not of necessity be the rule if applications to amend were made prior to answer, or possibly prior to trial or during the trial; nor where a satisfactory showing is made by the moving party of excusable inadvertence or mistake, or of fraud upon the part of his opponent, contributing thereto.

2. At the conclusion of the plaintiff's testimony a motion for a nonsuit was made by the defendant and was by the court sustained. The evidence introduced by plaintiff, as shown by the record upon this appeal, was practically the same as the testimony introduced by plaintiff at the former trial. Such facts are set out at some length in the former decision of this case, hereinbefore cited, and will not be referred to herein at length.

This action was brought under the act of Congress relative to injuries received by employees of interstate railroads, and the defendant in urging its motion for nonsuit relied upon the fact that the testimony introduced on behalf of plaintiff failed to disclose any negligence whatever on the part of the defendant, which view was adopted by the trial court and accordingly a judgment of nonsuit entered.

This phase of this appeal presents the question of whether or not an employee of long experience in railroading, of mature years, in the possession of his faculties, who for a long time prior had been in the employ of the defendant, and had had long experience in its yard where the injury occurred, and who was thoroughly familiar with the yards and tracks

and their uses, can go upon a track which he knows to be a switching track, and upon which he knows cars are about to be moved at any time, and regardless of consequences, pay no attention to the movement of trains upon the track, and upon injury charge the defendant with negligence under any and all circumstances. It appears that the plaintiff was injured by a switch engine hauling four loaded cars of coal and backing up a switch track on a one per cent grade; that the engine was traveling eight or ten miles per hour; that the bell was constantly ringing and the engine was laboring hard in blowing off steam and making a noise which could be heard a considerable distance; that one of the employees of the defendant upon said switching engine saw Neil about five hundred feet distant from said engine, but did not observe him again; that another of said employees on said switch engine saw Neil from about the same distance on the track down to about one car's length from the engine; that said employee recognized Neil as a freight conductor in the employ of defendant and knew that he was in the possession of all his faculties and was a man of long experience in the railroad business; it further appears that each and all of said employees of defendant believed, and had good reason for believing, that Neil knew of the approach of said engine and believed, and had good reason for believing, that he would step off from the track before he was injured. Under this state of facts as proved by the defendant, and under what appears to be the well-settled law, we conclude that the motion for nonsuit was by the trial court properly granted.

Before the plaintiff could have recovered in this case under any circumstances whatever, it must be shown that those in charge of the railroad train knew, or had reasonable cause for knowing, that Neil did not hear the warnings or did not heed them, and that they then negligently continued to run their train, and as a result thereof injured him. They had the right to presume that he would step off the track in time to avoid injury up to the last moment before he was struck, and at the speed this engine was traveling, but a very few feet dis-

tance between Neil and the engine would suffice for Neil to step off the track in ample time to avoid being run down.

There is no testimony in the record whatever which proves or tends to prove that the defendant's employees on the engine failed to make every possible effort to stop the locomotive after they or any of them had reason to believe that Neil was not aware of the approach of the locomotive. Neil testified that he was told immediately after the accident by the brakeman of the defendant company, who was riding on the engine, that he had noticed Neil on the track and noticed him there until the engine was about a car's length, but it further appears that the brakeman thought that Neil would step off the track, and it would appear that there was ample opportunity for him to do so.

The former opinion of this court discloses that this class and character of cases has received the attention of a great many of the courts, both federal and state, and the holding has quite uniformly been that trainmen in a switch yard, noting another railroad employee on the track, have a right to presume, when the engine is not traveling at an excessive speed, and when they are giving due and sufficient warning of the approach of the engine, that the employee on the track will step aside and avoid injury, and that they are authorized in so presuming until they are in some manner made aware that such person on the track is not aware of the approach of the engine, or is laboring under some disability which prevents him from protecting himself, and if such appears a fact, then they are chargeable with using every effort at their command to immediately stop their engine and avoid the impending injury.

A case very similar to the one here under consideration is *Aerkfetz v. Humphreys,* 145 U. S. 418, 12 Sup. Ct. 835, 36 L. ed. 758, wherein it is said:

"The engine was moving slowly, so slowly that any ordinary attention on the part of the plaintiff to that which he knew was a part of the constant business of the yard would have made him aware of the approach of the cars, and enabled him to step one side as they moved along the track. It

cannot be that, under these circumstances, the defendants were compelled to send some man in front of the cars for the mere sake of giving notice to employees who had all the time knowledge of what was to be expected.''

This court has heretofore held in *Anderson v. Great Northern Ry. Co.,* 15 Ida. 513, 99 Pac. 91, that ''when an engineer sees an adult on the track ahead of him, he ordinarily has a right to presume that he will get off the track before the train reaches him.''

In *Campbell v. Kansas City etc. R. Co.,* 55 Kan. 536, 40 Pac. 997, it is said:

''It was contended that Campbell was seen 500 feet ahead of the engine, and therefore the engineer should have stopped the train before reaching him. An engineer, however, is not bound to stop a train whenever he sees a person ahead upon the railroad, but has a right to assume that an adult person, apparently in the possession of his faculties, will exercise his senses, and step out of the way of danger before the engine reaches him. The engineer is required to keep a reasonable lookout for trespassers upon the track, and to exercise such care as the circumstances require to prevent injury to them. Campbell was undoubtedly seen by the engineer several hundred feet away; but he was awake and moving and appeared to be in the full possession of all his senses and faculties. Although there were some piles of ballast along the track, he could have stepped aside without difficulty; and, as there was no apparent disability, the engineer had a right to presume until the last moment that he would heed the warning which had been given, and leave the track in time to avoid injury. . . . . Campbell was a man of mature years, who had the use of his faculties; and, as he was moving and apparently capable of taking care of himself, the engineer had a right to presume until the last moment that he would leave the track, and not be run over.''

Other cases wherein it has been held that plaintiff could not recover under facts similar to those disclosed by this record are as follows: *Smith v. Atlanta & C. R. Co.,* 130 N. C. 344, 42 S. E. 139; *Pennsylvania Co. v. Meyers,* 136 Ind. 242,

36 N. E. 32; *Louisville & N. R. Co. v. Cronbach,* 12 Ind. App. 666, 41 N. E. 15; *Cincinnati etc. Ry. Co. v. Long,* 112 Ind. 166, 13 N. E. 659; *Carrier v. Missouri Pac. Ry. Co.,* 175 Mo. 470, 74 S. W. 1002; *Hogan v. Chicago etc. R. Co.,* 59 Wis. 139, 17 N. W. 632; *Norfolk & W. R. Co. v. Gesswine,* 144 Fed. 56, 75 C. C. A. 214; *Copp v. Maine Central R. Co.,* 100 Me. 568, 62 Atl. 735; *Everett v. Los Angeles etc. Ry. Co.,* 115 Cal. 105, 43 Pac. 207, 46 Pac. 889, 34 L. R. A. 350; *Bookman v. Seaboard Air Line Ry.,* 152 Fed. 686, 81 C. C. A. 612; *Erickson v. St. Paul etc. R. R. Co.,* 41 Minn. 500, 43 N. W. 332, 5 L. R. A. 786; *Norfolk & Western R. Co. v. Dean's Admr.,* 107 Va. 505, 59 S. E. 389; *Atlantic Coast Line R. Co. v. Miller,* 53 Fla. 246, 44 So. 247.

We conclude that the motion for a nonsuit made by the defendant at the close of plaintiff's testimony was by the court properly granted, and the judgment of dismissal and denial of motion for new trial should be, and is, hereby affirmed. Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.