(No. 6602.   October 15, 1938.)

ALFRED W. SHEPHERD, Executor Under the Last Will and Testament of JOSEPH R. SHEPHERD, Deceased; EMILY RICH, F. J. FOULGER and JESSE P. RICH, Executors Under the Last Will and Testament of WILLIAM L. RICH, Deceased; MARY A. HUNT and SAMUEL W. MATTHEWS, Appellants, v. JOSEPHINE B. DOUGAN, Administratrix of the Estate of JOHN DOUGAN, Deceased, and JOSEPHINE B. DOUGAN, Respondent.

[83 Pac. (2d) 468.]

Darwin E. Haddock and Jesse R. S. Budge, for Appellants.

Chas. E. Harris and L. E. Glennon, for Respondent.

HOLDEN, C. J.—This case originated in the district court for Bear Lake county where appellants commenced an action in ejectment, joined with suit to quiet title, by which they sought to eject respondent from certain hotel property located at Paris, Idaho, and also to quiet their alleged title to the property. Respondent answered and cross-complained. By her cross-suit, respondent sought to have the hotel property impressed with a lien for certain amounts paid under the terms of a void "Uniform Real Estate Contract." The facts were stipulated. Findings of fact and conclusions of law were made and filed, upon which the court entered its decree quieting title to the property in appellants and ejecting respondent, from which decree she appealed. (*Shepherd et al. v. Dougan*, 58 Ida. 543, 76 Pac. (2d) 442.) In the opinion, on that appeal, this court said:

"The Dougans went into possession of the hotel April 10, 1927. While in possession they paid Shepherd and expended for repairs, taxes, and insurance premiums, a total of $19,-533.02. Appellant is entitled to interest on the respective sums making up that total from the date of each payment and expenditure at the statutory rate in force at the time. Against said sums, and interest thereon, a rental charge shall be made monthly, and deducted monthly, commencing April 10, 1927, the date the Dougans went into possession of the hotel, and ending April 2, 1937, the date respondents went into possession. The entire interest of Mary Elizabeth Shepherd having passed to and vested in her husband, Fred T.

Shepherd, by operation of law, prior to the date he executed said deed to respondents, appellant is entitled to an equitable lien on the hotel property for the difference between said sums, plus interest thereon, computed as above directed, and the rental value, to be charged and deducted, as aforesaid, not affected by Shepherd's deed to respondents because they had notice.

"The judgment is reversed and the cause remanded to the trial court with instructions to take such further evidence as may be necessary, if any, to enable it to compute the difference between said sums paid and expended, as aforesaid, together with interest thereon, and the rental value of the hotel to be charged and deducted as herein directed, to make and file appropriate findings of fact and conclusions of law, and to enter a decree awarding a lien for such difference on the hotel property in favor of appellant."

Following the filing of the opinion, respondents on the first appeal, appellants here, filed a petition for rehearing. In discussing the petition for rehearing, the author of the opinion said:

"As pointed out in the foregoing opinion, it is stipulated by the parties to this controversy that following the execution and delivery of the deed by which Fred T. Shepherd conveyed the hotel property to the respondents, the respondents repudiated the instrument dated April 5, 1927, being the so-called contract and the instrument which all parties agree, and correctly so, is absolutely void, and, of course, the parties having agreed that said instrument was absolutely void, the case was tried upon that theory in the court below, and must be so treated on this appeal. It is clear that appellant could not possibly either abandon or refuse to perform an absolutely void contract, nor could she be in default under the terms or conditions of an absolutely void contract."

The author further said:

"Here, I have concluded, after a careful re-examination of all the facts and circumstances, that justice will be better served by charging interest at the statutory rate on the net

balance of the trust funds, to wit, the sum of $7,559.69, from April 2, 1937, the date the respondents went into possession of the hotel, than by computing interest thereon in the manner and as directed in the foregoing opinion. With that modification of the foregoing opinion, the petition for a rehearing should be denied."

Mr. Justice Morgan, in his discussion, said:

"I concur in the conclusion reached in the foregoing opinion on petition for rehearing, but am not in accord with the theory therein expressed to the effect that the rate of interest on money due, can be made dependent upon anything other than the statute governing that subject."

Justice Morgan then quoted section 26–1904, as amended by chapter 197, Session Laws 1933, p. 390, and stated his opinion that

"Subsection 2 is controlling. The money which appellant (respondent on this appeal) is entitled to recover, and for which she has a lien on the premises, became due April 2, 1937, when respondents (appellants on this appeal) repudiated the void contract and went into possession of the hotel, as pointed out in the opinion by the chief justice on petition for rehearing. The court is governed by the statute and is without arbitrary power to fix the amount of interest recoverable according to its ideas of justice."

Mr. Justice Givens, among other things, said:

"The following factual situations are not disputed: That the contract of sale and purchase between the original vendor, F. T. Shepherd, and appellant and her husband, now deceased, was void because not signed by the original vendor's wife, Mrs. F. T. Shepherd. The consequent legal affluent is that the vendees and the original vendor are equally charged as a matter of law with knowledge that the contract was void, and the present respondents, assignees of the original vendor, F. T. Shepherd, purchased with full knowledge of these facts and are therefore bound thereby. The scales, therefore, remain even.

"Being a void contract, neither party could enforce it as such, and it conferred no rights and imposed no obligations,

nor did either party gain any rights thereunder or thereby of a contractual nature.

. . . . . . . . . . . . . . . .

"For the above reasons I continue to concur with the opinion of the Chief Justice as modified by him and think the petition for rehearing should be denied."

Mr. Justice Ailshie directed his discussion to the question as to whether respondent was entitled to a lien, concluding his discussion with the statement that:

"For the foregoing reasons, I am persuaded that the original opinion herein is erroneous in so far as it awards a lien against the property, and I think the case should be reconsidered and our judgment in that respect should be revised."

Following the issuance of the *remittitur* from this court and the filing of the same in the court below, to wit, March 8, 1938, respondent applied for judgment for the amount and as directed by this court. Appellants thereupon asked that the case be opened up and that they be permitted to amend paragraph V of their respective answers to respondent's cross-complaint. That paragraph, together with the proposed amendment added in italics, follows:

"Answering paragraph VIII plaintiff admits that F. T. Shepherd heretofore executed to the plaintiffs an instrument in writing, purporting to assign to plaintiffs the so-called agreement referred to in said paragraph, but denies that said so-called agreement was assignable, and alleges the fact to be that said so-called agreement was utterly void, and of no effect," *as to the real estate but not as to the personal property.*

It was thereupon stipulated and agreed by counsel for the respective parties that a certain instrument marked Exhibit "A" and annexed to and made a part of respondent's cross-complaint, being what is termed a "Uniform Real Estate Contract," was a full, true and correct copy of the so-called contract entered into between F. T. Shepherd and John Dougan, since deceased, and his wife, the respondent on this appeal.

Appellants then offered in evidence their notice of forfeiture of the said "Uniform Real Estate Contract," as well

as a bill of sale of the personal property specified in that instrument. The trial court denied appellants' application for leave to amend and refused to admit said notice of forfeiture, as well as said bill of sale. Appellants then moved to strike from the proposed judgment on *remittitur* the following words: ''and the hotel furniture, fixtures and equipment located in the building upon said property,'' which motion the court also denied. Judgment on *remittitur* was then entered in favor of respondent and against appellants, from which this appeal was prosecuted.

On this appeal, appellants insist that the trial court erred in denying their motion to amend and their motion to strike the last above-quoted matter from the judgment on *remittitur,* and also in refusing to admit in evidence their notice of the forfeiture of the ''Uniform Real Estate Contract'' dated April 5, 1927.

By paragraph V, above quoted, appellants had alleged that the ''so-called agreement (Uniform Real Estate Contract) was utterly void and of no effect.'' That was, and is, in effect, an allegation that the instrument was void in every particular, because, if *utterly void,* it could not possibly be *valid* in *any* particular. The respondent had also alleged in her cross-complaint that the instrument was void. All of the parties to the controversy were, therefore, up to the moment appellants sought to amend, in agreement on the proposition that the instrument was utterly void and of no effect. The case was tried in the court below upon that theory and in this court upon the first appeal, and, moreover, it was upon that theory and upon those mutual allegations showing all of the parties to be in complete agreement that the instrument was utterly void and of no effect, that this court held a trust arose from the acts and conduct of the parties. But, nevertheless, having lost on the theory upon which they had relied from the beginning of the controversy to the final decision of this court on petition for rehearing, appellants, as above stated, seized upon a new theory, namely, that the instrument was, after all, good and valid as to the personal property. Any theory which would give the instrument validity, and particularly in some substantial particular, as now claimed

by appellants, must necessarily be inconsistent with the losing theory that it was utterly void. This court is committed to the rule that an appellant will be held to the theory on which the case was tried in the court below. (*Peterson v. Universal Automobile Ins. Co.*, 53 Ida. 11, 28, 20 Pac. (2d) 1016, and the numerous cases therein cited.)

Furthermore, in our original opinion, we did not grant a new trial of this case; we merely directed that interest be computed on the amounts expended for repairs, taxes, and insurance premiums, from the date of each payment, at the statutory rate in force at the time, and that against said amounts, and interest thereon, a rental charge should be made monthly, and deducted monthly, and then we directed the lower court to take evidence, if that was necessary to enable it to carry out those instructions, in which case it was further directed to make appropriate findings of fact and conclusions of law. At the most, then, the authority of the trial court was thus limited to the taking of testimony for the purpose of making the computation which this court so directed it to make. However, on petition for rehearing, we directed that interest be computed on the net balance of the trust funds, to wit, $7,559.69, from April 2, 1937. That was a modification of our judgment and an express mandate to the trial court. Its authority was limited to making that computation. It could do that, but nothing more. Finally, that mandate had the effect of annulling the instructions theretofore given the trial court as to the manner in which interest was to be computed, as well as the direction to take evidence, if necessary, and to make appropriate findings of fact and conclusions of law.

It follows that the judgment of the trial court must be affirmed, and it is so ordered. Costs awarded to respondent.

Morgan and Givens, JJ., concur.

Budge, J., deeming himself to be disqualified, did not sit at the hearing nor participate in the opinion.

AILSHIE, J., Specially Concurring.—When this case was here before, 58 Ida. 543, 76 Pac. (2d) 442, p. 449, I expressed the opinion, on petition for rehearing, that the previous judgment of the court was "erroneous in so far as it awards a lien against the property" involved in the litigation. The majority of the court, however, reached a different conclusion and directed the trial court "to enter a decree awarding a lien . . . . on the hotel property in favor of appellant." I still entertain the same views I expressed at that time. Notwithstanding my personal views, this court reversed the judgment of the trial court and remanded the case "with instructions to take such further evidence as may be necessary, if any, to enable it to compute the difference between said sums paid and expended as aforesaid, together with interest thereon, and the rental value of the hotel to be charged and deducted as herein directed, to make and file appropriate findings of fact and conclusions of law, and to enter a decree awarding a lien for such difference on the hotel property in favor of appellant."

It has been held by this court that, where a judgment is reversed and a new trial is ordered, pleadings may be amended upon the going down of the *remittitur*. (*Parke v. Boulware*, 90 Ida. 225, 231, 73 Pac. 19; *Harrison v. Russell & Co.*, 17 Ida. 196, 204, 105 Pac. 48.) On the contrary, this may not be done where the amendment would contradict a position taken by same party on the former trial. (*Elder v. Idaho-Washington etc. R. R.*, 26 Ida. 209, 141 Pac. 982.) Here it cannot be said that a *new trial* was ordered, although this court instructed the trial court "to take such further evidence as may be necessary, if any, to enable it to compute the difference between said sums paid and expended as aforesaid, together with interest thereon, and the rental value of the hotel." This authorized only a limited hearing confined to a single issue *which had already been formed by the pleadings.* For these reasons, I am constrained to the opinion that the previous decision (58 Ida. 543, 76 Pac. (2d) 442) is the *law of the case* on the issue now presented, and that it was not within the power of the trial court to allow a reframing of

that issue. (*Hall v. Blackman,* 9 Ida. 555, 75 Pac. 608; *Vinyard v. North Side Canal Co., Ltd.,* 47 Ida. 272, 277, 274 Pac. 1069; *Garvin v. First Nat. Bank,* 50 Ida. 491, 492, 298 Pac. 359.)