249 P.2d 203

## GOGGINS et al. v. HERNDON.

### No. 7878.

Supreme Court of Idaho.

Oct. 15, 1952.

F. A. McCall, Salmon, for appellant.

Charles Herndon, Salmon, E. H. Casterlin, Pocatello, for respondent.

GIVENS, Chief Justice.

Appellant sued for a declaratory judgment, alleging in the first instance that the following document was either a completed gift inter vivos, or an executory contract capable of oral explanation in appellants' favor:

"Exhibit 'A'          Agreement

"William L. Swan, being of sound mind and body, on this 30th day of June, 1949, agree to share equally his estate in its entirety with C. A. Denton of Salmon, Idaho, and John R. Goggins, M.D., Salmon, Idaho, said estate consisting of mining claims, a list of said claims being hereto attached. William L. Swan further agrees that C. A. Denton and John R. Goggins M. D. will assist him in the management, supervision and administration of his estate and business affairs and in the disposition or sale of any part thereof, the proceeds of any sale to be divided

and shared equally between the above named parties. Dr. Goggins, a licensed M.D. in the State of Idaho agrees to assist him professionally in any way he is able to.

"Witnesses;    John R. Goggins
               C. A. Denton

J. W. Herndon    William L. Swan"

General and special demurrers were interposed and evidently some effort was made by respondent in connection therewith to compel appellants to elect whether the instrument was a gift or executory contract.

The transcript contains an order which recites as follows:

"Order

"This matter came on for hearing at Salmon, Idaho, on the 11th day of October, 1951, at 2:00 o'clock, P.M., the plaintiffs were represented by their counsel, Mr. F. A. McCall, of Salmon, Idaho, and the defendant by Charles Herndon, of Salmon, Idaho.

"Memorandum Decision was emitted October 30th, 1951, and mailed to the respective attorneys.

"At the hearing of the case the plaintiffs, by counsel, abandoned all other propositions, and relied solely and only upon their Exhibit 'A' attached to their complaint, as expanded by Exhibit 'B', also attached to said complaint, as constituting a gift inter vivos. Thus, the motions to require plaintiffs to elect and separately state their causes were taken care of, leaving only the demurrers of the defendant to be considered in connection with any action taken on the declaratory judgment, or otherwise, as asked for in said complaint.

"From a careful reading of the complaint, including the Exhibits 'A' and 'B', and being fully advised by counsel, and after considerable research of my own, I cannot but conclude that taken in its best light the complaint, as constituted above, does not disclose sufficient evidence of gift inter vivos, nor can it be expanded into such by competent oral or extrinsic evidence, because to do so would be to make over the instrument, Exhibit 'A', for the parties, which we cannot do.

"It follows, then, that the matter should be concluded here, and to effect such conclusion the special demurrer will be, and hereby is overruled, and the general demurrer sustained without leave to amend.

"Dated this 10th day of December, 1951.

Henry S. Martin
District Judge"

Decree, holding the instrument did not constitute a gift inter vivos, followed.

The appeal appears to challenge only this determination, the assignments of error being as follows:

172

"1. The Court erred in sustaining the general demurrer to the Plaintiff's complaint.

"2. The Court erred in ordering judgment dismissing the complaint of Appellants."

Appellants thus argue in their original brief:

"Wherefore the appellants contend that first construction to the effect that the instrument in the written evidence of a completed gift is valid and enforcible, while a construction to the effect it evidences an executory contract would be void and uninforcible and that, therefore, the first should be accepted and the latter one rejected."

"Conclusion

"We submit that appellants have definitely established the fact that the instrument, plaintiffs' Exhibit 'A', is the written evidence of a completed gift, a gift inter vivos.

Again, in the reply brief:

"(2) The instrument shows upon its face that if it were construed to be an executory contract, that it would be void and unenforceable and, therefore, if the contradictory clause is eliminated or disregarded, the first construction would prevail without question;

" * * * They had to acquire this property from Swan, either as a gift or for services rendered under and by

virtue of an alleged executory agreement; no services were rendered and if the instrument was, or could have been, an executory contract, it would have been void and unenforceable. It, therefore, inexorably follows that the instrument is the written evidence of a completed gift, and that the last above quoted words are the construction which the parties placed upon it."

■ We must decide the case in accordance with the theory of its presentation in the trial court. Brown v. Hardin, 31 Idaho 112 at page 115, 169 P. 293; Hindman v. Oregon Short Line R. R. Co., 32 Idaho 133 at page 136, 178 P. 837; Milner v. Earl Fruit Co., 40 Idaho 339 at page 349; 232 P. 581; French v. Tebben, 53 Idaho 701 at page 706, 27 P.2d 474, 475; Shepherd v. Dougan, 59 Idaho 465 at page 470, 83 P.2d 468.

The sole question as presented below and, therefore, now properly before us, is whether the instrument constituted a completed gift inter vivos.

■ The essential requirements are detailed in Zimmerman v. Fawkes, 70 Idaho 389 at page 391, 219 P.2d 951, 952:

" '* * * The essential elements of a "gift inter vivos" are: (1) A donor competent to contract; (2) freedom of will of donor; (3) the gift must be complete and nothing left undone; (4) the property must be delivered by the donor and accepted by the

donee; (5) the gift must go into immediate and absolute effect.' "

Conditions (3), (4), and (5) are absent in the instrument in question. The decree is, therefore, affirmed. Costs to respondent.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.