[Civ. No. 10412. Second Appellate District, Division Two.—November 4, 1935.]

FLORA S. TURNER et al., Appellants, v. HUGH S. CLENNELL et al., Respondents.

Frank G. Munroe and Arthur C. Webb for Appellants.

Lasher B. Gallagher for Respondents.

CRAIL, P. J.—This appeal is from a judgment in favor of the defendants in an action arising out of an automobile accident. The appeal is on the judgment roll alone, and "the plaintiffs contend that the findings of fact, conclusions of law and judgment are so inconsistent and impossible [not with themselves, but] in relation to physical facts that said judgment should be reversed".

In order to make this unusual contention clear it will be well to state it more fully, again in the language used by the plaintiffs: "The defendant Hugh S. Clennell, driving a Chrysler automobile in a westerly direction on Yucca Street, he said at less than 15 miles an hour, with good brakes with which he could stop within 7 feet, saw the Chevrolet about 40 feet to the north of the intersection of said streets, when he lacked 10 feet of entering the easterly line of Las Palmas. He testified that the Chevrolet was traveling at the rate of 30 miles per hour, and the plaintiff's daughter testified that she slowed down and stopped at said intersection. Las Palmas Avenue is admitted to be 40 feet in width and Yucca Street is 30 feet wide, *from curb to curb. . . . The inconsistency arises from the fact that upon these undisputed measurements,* had Miss Turner not slackened her speed at all, her Chevrolet would have traveled about 50 feet, in one second, and continued on. . . . " Much of the testimony above set forth is by some strange reason included in the findings. (Defendants contend that the findings were prepared by the plaintiffs, and this is supported in the record by the fact that the findings were served on the attorneys for the defendant before they were signed by the judge.)

The length of time it would require defendant Clennell to coordinate his nerves and muscles after he first saw the danger is not taken into consideration in plaintiffs' calculations. Furthermore, the findings covering the above evi-

dence are merely evidentiary findings and not findings of the ultimate facts in the case. Findings, if any, with regard to the respective speeds of automobiles engaged in a collision are ordinarily merely approximations. And it is well settled that the mere circumstance that some of the probative facts are inconsistent with the ultimate facts will not prevent the ultimate facts from controlling where such probative facts are not shown by the findings to be the only facts proved and from which alone the court finds the ultimate facts. (2 Cal. Jur. 872.) No such showing appears in the record before us. Furthermore, an appellate court will not indulge in lengthy and dubious computations to determine that there is a physical impossibility of the evidence being true. (2 Cal. Jur. 938.) Manifestly the judgment cannot be reversed upon this contention.

 There is no express finding that the negligence of the defendant Clennell was or was not a proximate cause of the injury to plaintiffs. The finding of the court in regard to negligence is as follows: "The court finds it to be true that the concurrent negligence of said Doreen Turner with said Hugh Clennell in entering said intersection as aforesaid, was the contributing cause of injuries to the plaintiff, Flora S. Turner." With regard to a similar situation our Supreme Court has said: "It is elementary that it is incumbent upon the appellant to show error by the record on appeal. . . . Even though it appears that the trial court failed to find on an issue raised by the pleadings, error cannot be predicated on such failure in the absence of a record showing that evidence was introduced on such issue sufficient to sustain a finding on behalf of appellant. (2 Cal. Jur. 525, sec. 262.) In order to warrant the reversal of a judgment for failure to find on an issue it must be shown by the *record on appeal* that evidence sufficient to sustain a finding for the complaining party was introduced. (24 Cal. Jur. 947, sec. 189.) No such record has been presented. We must assume, therefore, that had a finding been made on the issue it would have been adverse to appellant." (*Delanoy* v. *Delanoy,* 216 Cal. 23, at 26, 27 [13 Pac. (2d) 513, 514].) It must be assumed in the instant case that if there had been a finding on the issue of proximate cause it would have been adverse to the plaintiffs, whereas one of the essential elements of plaintiffs' re-

covery was that the negligence of the defendant was a proximate cause of the plaintiffs' injuries.

At the time of the accident the plaintiff Flora S. Turner was riding in the car of her eighteen year old daughter as a guest of the daughter, and the daughter was driving her car under an operator's license obtained on an application signed by the plaintiffs and each of them under section 62 (b) of the California Vehicle Act, which at the time of the accident in question read as follows: "Any negligence of a minor in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence . . . " Much of the brief of the plaintiffs is given over to a discussion of the contention that the negligence of the daughter may not be imputed to the plaintiffs. But in the light of what has been said with regard to the failure on proximate cause plaintiffs are not entitled to recover in any event, and we shall not enter into a discussion of this problem.

Judgment affirmed.

Wood, J., and McComb, J., *pro tem.*, concurred.