[Civ. No. 11157. Second Appellate District, Division Two.—December 1, 1936.]

JOSEPHINE L. COOPER, Respondent, v. J. W. STEVENS, Appellant.

Lasher B. Gallagher for Appellant.

Thomas ·B. Reed and L.· G. Shelton for Respondent.

CRAIL, P. J.—This is an appeal from a money judgment in favor of plaintiff for damages for personal injuries resulting from an automobile collision. The primary contention of the defendant is that under the evidence the plaintiff was guilty of contributory negligence as a matter of law.

Viewing the evidence in the light most favorable to the plaintiff, it appears that the plaintiff entered the intersection of Big Dalton Avenue and Merced from Big Dalton Avenue and intended to turn to her left. The defendant was coming from her right on Merced. Before she entered the intersection and just as she got to the property line she shifted the gears of her car into second; she looked first to the right and could see nothing coming, then she started slowly into the boulevard still in second gear. Just as she got into the center of the street and just before she made her turn she looked again in all directions, and just as she was making her turn she saw the defendant's car. The plaintiff testified that she took a good survey of the situation before she started into the boulevard and then just as she got in the street she looked again. There was a hedge which

obstructed the view before she entered the boulevard, but when she got where she could look approximately 400 feet to the right on Merced she looked that distance and did not see any car coming.

The defendant contends, ''Mrs. Cooper's failure to make any attempt to look to the right from the time she started and her failure to see the defendant constitutes negligence as a matter of law.'' And he argues as follows: ''She said she was traveling from .5 to 8 miles an hour and it was not to exceed 30. feet from the place where she had stopped to the center line of Merced. It *therefore* could not have taken her more than 5 seconds at the outside to traverse this distance. If she was going 8 miles an hour it couldn't have taken her more than 3 seconds to traverse this distance. *Therefore* as a matter of cold logic the defendant's automobile couldn't possibly have been farther away at the instant plaintiff started up than the defendant's car could travel in 5 seconds no matter how fast it was going in accordance with the greatest estimate placed thereon by the testimony. If the court wants to stretch a point and say that the mere fact that Tebo said the car was going 55 miles an hour when it passed his house supports an inference that it was going 55 miles an hour at all times, then it cannot be claimed that the defendant's automobile traveled more than 400 feet in 5 seconds.''

This court on appeal will not make dubious calculations based upon evidence of time and distance and speed (which evidence after all consists of mere opinions of witnesses) for the purpose of upsetting the verdict of a jury as to the facts. (*Turner* v. *Clenell*, 9 Cal. App. (2d) 736, at 738 [50 Pac. (2d) 851].) The plaintiff did look, did exercise some precaution for her own safety. Where a person looks but does not see an approaching automobile, or seeing one, erroneously misjudges its speed or distance or for some other reason assumes he can avoid injury to himself, the question of his negligence or freedom from negligence is ordinarily one for the jury. (*White* v. *Davis*, 103 Cal. App. 531, 542 [284 Pac. 1086].) We find no merit in the defendant's contention.

The defendant also contends that the court committed prejudicial error in denying the defendant's motion for a nonsuit based upon the same ground, and that the

court committed prejudicial error in giving certain instructions. We find no error in these respects, neither was there a miscarriage of justice.

Judgment affirmed.

Wood, J., concurred.