[Civ. No. 11693.   Second Appellate District, Division Two.—March 16, 1938.]

LOUISE M. SAVELLI, Appellant, v. BERTRAM B. SIMON, Executor, etc., Respondent.

Wilbert C. Hamilton and John F. Hoornaert for Appellant.

Henry Haves for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury in an action to recover the amount paid defendant as executor on a life insurance policy alleged to have been assigned to plaintiff by defendant's testator, plaintiff appeals.

The conceded facts are:

October 6, 1934, Herman Simon, defendant's testator, handed to plaintiff a sealed envelope upon which was written:

"For Mrs. Louise M. Savelli, Personal Not to be opened until after my death

"HERMAN SIMON"

June 7, 1936, Herman Simon died; and upon opening the envelope, which had been continuously in her possession since

October 6, 1934, plaintiff found that it contained a document reading as follows:

"Los Angeles, Cal.

"October 4th/1934.

"I hereby give & assign Policy 130890 of New England Life Insurance taken out November 15th/1899

"20 Payment Life

"To my friend, Louise M. Savelli for kindness & Care to me

"To be delivered to her at my death. I am leaving this Policy in the Vault in care of my Son Bert Simon to deliver to Mrs. Louise M Savelli in person after my death

"(Signed) HERMAN SIMON

"Witness

"H. Y. HUGHY"

In policy No. 130890 mentioned in the foregoing document "the executors, administrators or assigns" of Herman Simon were designated as beneficiaries. This designation was made February 23, 1932, and was never subsequently changed. After defendant's appointment as executor of Herman Simon's estate the New England Mutual Life Insurance Company paid the sum of $5,766.37 to him as the amount due under its policy No. 130890. Thereafter plaintiff instituted this suit to recover from defendant the aforesaid sum.

This is the sole question presented for determination:

*Was there substantial evidence to sustain the trial court's findings that*:

*(a) Subsequent to February 23, 1932, the named beneficiaries, to-wit, the executors, administrators or assigns of Herman Simon in policy No. 130890 issued by the New England Mutual Life Insurance Company, had not been changed;*

*(b) Herman Simon did not assign during his lifetime the aforementioned life insurance policy?*

The foregoing question must be answered in the affirmative.

It is settled law of this jurisdiction that for a valid gift *inter vivos* of personal property the following elements must be present:

(1) There must be an actual or symbolical delivery of the gift to the donee.

(2) The donor must intend to divest himself completely of control and dominion over the property which is the subject of the gift. (*Mutual Benefit Life Ins. Co.* v. *Clark*, 81

Cal. App. 546, 550 [254 Pac. 306]; *Beebe* v. *Coffin,* 153 Cal. 174, 177 [94 Pac. 766].)

It is likewise settled that the intention of the alleged donor is a question of fact to be determined by the trial court from all of the evidence in the case (*Mutual Benefit Life Ins. Co.* v. *Clark, supra; Union Mutual Life Ins. Co.* v. *Broderick,* 196 Cal. 497, 502 [238 Pac. 1034]), and that where different conclusions may be reasonably drawn from the evidence by different minds the trial court's findings of fact will not be disturbed on appeal. ▇ That the insured did not intend to make an immediate present gift of the insurance policy to plaintiff nor intended to release all his rights and control over it to her, but intended that should she survive him and not otherwise the proceeds thereof should be paid to her, may reasonably be drawn from the facts above set forth; and thus there is sufficient evidence to sustain the findings of fact of the trial court here questioned.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.