[Civ. No. 11905. Second Appellate District, Division Two.—October 3, 1938.]

MARDELL V. CONNOR, a Minor, etc., et al., Respondents, v. JOHN D. OWEN et al., Appellants.

Nourse, Betts & Jones and Harry C. Cogen for Appellants.

P. E. Cavaney for Respondents.

CRAIL, P. J.—This is an appeal from a judgment entered on the verdict of a jury in favor of the plaintiff in an automobile collision case.

The plaintiff's decedent was proceeding on the highway on San Fernando Boulevard in a hay truck, and while the hay truck was proceeding southerly on the highway and was on its right side of the highway and traveling at a speed of about twenty-five miles per hour, the defendant was traveling in his Buick sedan in a northerly direction at a speed of about forty-five miles per hour. The two cars were approaching each other until suddenly Owen, without any sign or warning, turned his Buick abruptly to the left and across the white center line of said boulevard and into the path of the southbound traffic and thus collided with the decedent's car. The accident occurred at 4:30 in the morning. The defendant was quite a distance over on his left-hand side of the highway, which was wide at this point. He observed another car coming towards him and he turned his Buick back toward the right and into the hay truck, and this is when the collision actually occurred between the Buick and the hay truck. The highway was straight and was lighted by electric lights.

The first and primary contention of the defendant is that the implied findings of the jury in the verdict are without substantial evidence. When such a question is raised it is the duty of this court to view the evidence in the light most favorable to the plaintiff. (*Cooper* v. *Stevens,* 17 Cal. App. (2d) 746 [62 Pac. (2d) 763].) Where different conclusions may reasonably be drawn from the evidence by different minds the trial court's findings are not to be disturbed

on appeal. (*Savelli* v. *Simon,* 25 Cal. App. (2d) 365 [77 Pac. (2d) 486].) ■ We have read the record and there is substantial evidence to sustain the verdict of the jury. Indeed, we do not see how any reasonable inference could be drawn from the evidence other than that the defendant was traveling at such a rate of speed that he could not control his car or he was not vigilant in observing what he was doing. There is no merit in defendant's contention.

■ The defendant's point II is devoted to complaints with regard to several instructions which the court gave, but the instructions as a whole were apt and appropriate, and there was no miscarriage of justice in this case. We see no reversible error here.

■ Finally, the defendant complains that the court erred in submitting the cause to the jury because there is no proof of the cause of death. Viewing the evidence in the light most favorable to the plaintiff, it showed beyond peradventure that the deceased was killed instantly when the Buick car ran into the southwest side of the hay truck and smashed the sleeping compartment on the semi-trailer.

Judgment affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 1, 1938.