219 P.2d 951

ZIMMERMAN v. FAWKES et al.

No. 7628.

Supreme Court of Idaho.

June 26, 1950.

Everett B. Taylor, Hailey, for respondents.

Joseph McFadden, Hailey, for appellant.

TAYLOR, Justice.

The plaintiff, appellant, brought this action to quiet title to certain described shares of corporate stock. The complaint is in the usual form, alleging possession and ownership of the stock certificates, and that the adverse claims of the defendants are without right. The defendant, George S. Fager, also known as Sylvanus Fawkes, appeared for himself and as administrator of the estate of Irma L. Derr, alleging that the property is a part of the assets of the estate and claiming the right to its possession for purposes of administration. Irma L.

Derr, who in her lifetime was the owner of the stocks, died October 29, 1948, in Trumbull County, state of Ohio, of which county and state she was at the time a resident. The defendant Fager was appointed administrator of her estate by the probate court in Ohio.

■ The plaintiff is a resident of Ketchum, Blaine County, Idaho. Upon the trial she produced the stock certificates. They bear no endorsement or assignment, and none is asserted. In addition, two letters from the deceased to the plaintiff were admitted. In the first, a letter mailed at Warren, Ohio, under date of July 2, 1948, the decedent said: " * * * I am going to send my Stock Certificates to you they will be mine as long as I live & after I am gone they are yours". In the second letter, dated July 28, 1948, she said: " * * I am taking chances on sending the Certificates by Mail not Registered hope you will receive them alright they will be mine until I pass away then I give them to you." The certificates had been mailed in a separate envelope postmarked at Warren, Ohio, July 27, 1948, and were delivered to the plaintiff by the post office at Ketchum in due course. Appellant contends this evidence establishes a gift inter vivos from her aunt to herself.

" * * * The essential elements of a 'gift inter vivos' are: (1) A donor competent to contract; (2) freedom of will of donor; (3) the gift must be complete and nothing left undone; (4) the property must be delivered by the donor and accepted by the donee; (5) the gift must go into immediate and absolute effect." Grignon v. Shope, 100 Or. 611, 197 P. 317 at page 319; Wilson v. Fackrell, 54 Idaho 515, 34 P.2d 409; Witthoft v. Commercial D. & I. Co., 46 Idaho 313, 268 P. 31; Scoville v. Vail Inv. Co., 55 Ariz. 486, 103 P.2d 662; Bliss v. Bliss, 20 Idaho 467; 119 P. 451; Lewis County v. State Bank of Peck, 31 Idaho 244, 170 P. 98; Estate of Randall, 64 Idaho 629, 132 P.2d 763, 135 P.2d 299; Decker v. Fowler, 199 Wash. 549, 92 P.2d 254, 131 A.L.R. 961; Levas v. Dewey, Wash., 205 P.2d 356; Johnson v. Hilliard, 113 Colo. 548, 160 P.2d 386; Blake v. Blake, 69 Idaho 214, 205 P.2d 495; 38 C.J.S., Gifts, §§ 3-44; 24 Am.Jur., Gifts, sec. 22.

■ Where the title remains in the would-be donor and does not pass to the intended donee until the death of the donor, the transaction amounts to nothing more than an unenforceable promise, or expression of an intention, to make a gift. Witthoft v. Commercial D. & I. Co., supra; Bliss v. Bliss, supra; Estate of Randall, Supra; Basket v. Hassell, 107 U.S. 602, 2 S.Ct. 415, 27 L.Ed. 500; 38 C.J.S., Gifts, § 42; Barham v. Khoury, 78 Cal.App.2d 204, 177 P.2d 579.

■ The proof is conclusive, definite and express that the intended gift was not to take effect in praesenti, and left the ownership and all elements of dominion and control, except possession, in the donor.

It is a testamentary disposition of the property, not a gift.

The requirement that the gift take effect in praesenti, that is, that the title (although defeasible) pass immediately, is also essential to sustain a gift causa mortis. Yates v. Dundas, 80 Cal.App.2d 468, 182 P. 2d 305; Barham v. Khoury, 78 Cal.App.2d 204, 177 P.2d 579; Mutual Ben. Life Ins. Co. v. Clark, 81 Cal.App. 546, 254 P. 306; Savelli v. Simon, 25 Cal.App.2d 365, 77 P.2d 486; Basket v. Hassell, supra; 24 Am.Jur., Gifts, secs. 4, 22 and 47; 38 C.J.S., Gifts, § 95.

The judgment is affirmed, with costs to respondents.

HOLDEN, C. J., and GIVENS, PORTER, and KEETON, JJ., concur.