419 P.2d 475

**BOSTON INSURANCE CO. (Mass.), a foreign corporation, Plaintiff-Respondent,**

v.

**Boyd BECKETT, Vera Beckett, Resi Johnson, a widow, and LaMont Bair, Defendants-Appellants.**

**No. 9790.**

Supreme Court of Idaho.

Oct. 24, 1966.

W. Lloyd Adams and Mary Smith, Rexburg, for appellants.

Holden, Holden & Kidwell, Idaho Falls, for respondent.

SPEAR, Justice.

Boston Insurance Co., a foreign corporation duly licensed to write fire insurance policies within the State of Idaho, filed an action in the district court, Bonneville County, for a determination of its liability under a fire insurance policy issued to Boyd Beckett on April 6, 1962, as owner, for the loss of, or damage to, a summer cabin situated on Forest Service land in the Island Park section of Fremont County, in the amount of $6,500.00 and for the loss of, or damage to, personal property on the premises in the amount of $1,500.00. The cabin was destroyed by fire on December 19, 1963.

The property was occupied by virtue of what is termed a special use permit from the U. S. Forest Service originally issued to Alvin L. Johnson. The permit issued Mr. Johnson was a terminable one which permitted him the use of the land for so long as the property was properly maintained in accord with the regulations specified within the permit. Generally, subject to Forest Service approval, such use permits are transferable. With respect to the permit issued Mr. Johnson, however, the Forest Service placed thereon the restriction that whenever transferred the permit would be subject to a five-year tenure limitation for it was planned to retire this particular plot from summer home use and utilize the property in that general area for public rather than private use. The permit currently stands in the name of Resi Johnson, the wife of Alvin Johnson, having been officially transfered into her name in August, 1963, a few years after the death of her husband. The five-year tenure limitation otherwise applicable was not enforced where the permit was transferred to the widow of an original permittee. Mr. Johnson and Mrs. Johnson were the owners of the cabin which could be removed from the premises at any time under proper supervision of the Forest Service.

Since 1960, when her husband died, Mrs. Johnson had given the use of the cabin to Boyd Beckett, a son-in-law, and her daughter, Vera Beckett. The insurance policy then existing on the property was turned over to Boyd Beckett and when that policy lapsed Beckett, *as owner*, acquired the policy now in question. The Becketts from 1960 on assumed the cost of maintaining the cabin and in all other respects appeared the owners of the summer home. Mrs. Johnson remained the record owner however. The court found that an effective inter vivos gift of the cabin had not been made but that Mrs. Johnson had intended to will the cabin to the Becketts.

Because of marital discord, Vera Beckett, at about the time the summer home was destroyed, was staying with her mother and her husband had been denied the use of the cabin for several months. The Becketts have since been divorced and each has remarried. Mistakenly believing the insurance would be paid over to Boyd Beckett immediately, Mrs. Beckett caused her mother to enter a claim for the insurance proceeds and both signed a sworn statement alleging that Mrs. Johnson was the owner of the cabin. Before trial the claim was withdrawn and the parties stipulated that the single question which need be decided was whether Boyd Beckett, the named insured, had an insurable interest in the summer cabin. LaMont Bair, a creditor of Boyd Beckett, also filed a claim against the insurance proceeds and was made a defendant in the lawsuit.

The district court found that while the Becketts had the right, exclusive as to all except Mrs. Johnson, to the use of the cabin, Boyd Beckett did not have an insurable interest under the now applicable statutory definition found in I.C. § 41–1806 (2).[1] A valid insurable interest did exist

1. "41–1806. Insurable interest—Property.—(1) No contract of insurance of property or of any interest in property or arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in

with regard to the personal property on the premises. The court therefore issued its order that the amount of $1,500.00 be paid into court by the Boston Insurance Co. to await determination as to the respective rights between Vera Beckett, Boyd Beckett and LaMont Bair. Defendants appeal from the trial court's finding that Boyd Beckett did not have an insurable interest in the cabin.

Two principal issues are presented on appeal. First, whether Mrs. Johnson had made an effective inter vivos gift of the summer home to the Becketts. Had a gift been found, Boyd Beckett would concededly have had an insurable interest at the time the cabin was destroyed by fire. (Idaho law requires that the insurable interest exist at the time of loss. I.C. § 41–1806 (1).) Secondly, whether Beckett, though no gift is found, had a "substantial economic interest" in the cabin such that it was a properly insurable interest under the statutory definition, I.C. § 41–1806(2). This subsection provides that an insurable interest means any actual, lawful and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment. The trial court found that Boyd Beckett's interest, i.e., the right to use the cabin, was actual and lawful, but not economically substantial and did not qualify as an insurable interest.

 The requirements necessary for a gift inter vivos are that the donor part with all present and future dominion over the property, which must be delivered to the donee or someone for him. The gift must be absolute and irrevocable without reference to taking effect at some future period. The mere intention to give in the future is insufficient in law. Goggins v. Herndon, 73 Idaho 169, 249 P.2d 203; Zimmerman

v. Fawkes, 70 Idaho 389, 219 P.2d 951; Witthoft v. Commercial D. & I. Co., 46 Idaho 313, 268 P. 31. See also Quandary Land Development Co. v. Porter, 408 P.2d 978 (Colo.1965); Allen D. Shadron, Inc. v. Cole, 2 Ariz.App. 69, 406 P.2d 419 (1965). The evidence adduced at trial relevant to the issue of whether a gift had been made is substantially conflicting, with Mrs. Johnson and the Becketts testifying that a final and complete gift of the summer home was made. However, other evidence disclosed that on December 20, 1963, the day following the fire, Norman Mayo, an insurance adjuster, in the course of investigating the fire, visited the home of Mrs. Johnson and obtained from both her and her daughter, Vera Beckett, who was then separated from her husband, a statement that the cabin was owned by Mrs. Johnson and that she had just turned the cabin over to Boyd and Vera for their use. Mr. Mayo the following January 10, 1964, obtained Boyd Beckett's statement that the cabin was owned by him and his wife pursuant to a gift from Mrs. Johnson. Subsequently, because of the conflicting statements made by the involved parties, Mr. Mayo rechecked with Mrs. Johnson and Vera on the 14th of January and obtained from each a second statement. The latter statements corroborated those first given and further explained that Mrs. Johnson planned to will the cabin to Vera and Boyd and had in fact put this in her will, though Mrs. Johnson added that she would have to change it now. Mrs. Johnson and her daughter signed and submitted a sworn statement of proof of loss April 21, 1964. Boyd Beckett similarly filed with the insurance company a proof of loss. In a letter dated February 8, 1964, Mrs. Johnson wrote the Forest Service to cancel "my" lease on the cabin site since "my" cabin was destroyed by fire.

the things insured as at the time of the loss.

"(2) 'Insurable interest' as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of

the insurance free from loss, destruction, or pecuniary damage or impairment.

"(3) The measure of an insurable interest in property is the extent to which the insured might be directly damnified by loss, injury, or impairment thereof."

Before trial Mrs. Johnson withdrew her claim with the insurance company. She explained that her daughter mistakenly had believed that the insurance proceeds would immediately be paid over to her husband, Boyd Beckett. Vera, anxious to prevent Boyd from obtaining the cabin insurance, persuaded her mother to assert ownership of the cabin and file a separate claim. Vera also disclaimed the statements which she had earlier made to the insurance company and, as her mother now confirmed, claimed that a gift had in fact been made. She testified that she had been determined to keep her husband from getting one penny of the insurance and would have said or signed anything to keep him from getting at the proceeds. They were going to be divorced, she explained, and though in fact her mother had given the cabin to them both, she felt that under the circumstances she alone was entitled to the proceeds since the cabin had been in her family. She believed her mother would have a better chance of collecting the proceeds because the lease to the property was in her name, and this was why she urged and convinced her mother to file a claim with the insurance company.

Thus is explained the statements inconsistent with the position taken at the trial. The record, however, is replete with further inconsistencies on this question of ownership of the summer home. Vera and Boyd were having marital problems and voluntarily separated in July of 1963. They were subsequently divorced one year later. Vera order Boyd to leave the cabin and told him never to come back. Boyd however on various occasions thereafter stayed at the cabin up to the time of the fire, with the permission of Mrs. Johnson. He explains that the cabin was his but that in view of the pending litigation between him and his wife he thought it polite to request such permission. Unable to speak with his wife, he sought out Mrs. Johnson.

The purported transfer of the cabin was not in writing. Defendants on this point testify merely that their purpose thereby was to avoid bringing the transfer to the attention of the Forest Service since it was their understanding that in the event of a transfer of title to the cabin the five-year limitation before mentioned would apply. The value of the cabin primarily rested with its location and the Becketts wished to continue to enjoy this country site. The only writing we do have is Mrs. Johnson's will. It is explained that a provision devising the cabin to the Becketts was inserted in the will simply to confirm the inter vivos gift.

■■ In view of this state of the record we cannot say the trial court erred in its finding that while Mrs. Johnson intended to will the summer home to Vera and Boyd Beckett, she did not complete a gift of the cabin to the Becketts. There is substantial, competent evidence to support the conclusion that Mrs. Johnson did not have the requisite intent to make a present gift and did not relinquish complete dominion over the subject of the purported gift, but, in fact, her intent was to make a gift in futuro. Findings supported by substantial, competent, though perhaps conflicting, evidence, will not be disturbed on appeal. McKenney v. Anselmo, 91 Idaho 118, 416 P.2d 509.

■■ Thus the only remaining question is whether, in view of the lack of a valid gift, Boyd Beckett had an insurable interest in the cabin. In an amended finding of fact the trial court found "that Boyd Beckett and Vera Beckett, his wife, had the right to occupy the cabin from 1959, to the date of loss, including an indefinite right to occupy said cabin for an indefinite period in the future from the date of said loss, that the Becketts paid the lease rental to the United States Government, and they further paid any cost of upkeep to said property." However the trial court concluded Boyd Beckett did not have an economically substantial interest in the cabin *at the time of loss*. This conclusion

is correct. Appellant relies strongly on the definition of an insurable interest as set out in Coburn v. Fireman's Fund Insurance Company, 86 Idaho 415, 387 P.2d 598; and National Farmers Union Property & Casualty Company v. Thompson, 4 Utah 2d 7, 286 P.2d 249, 61 A.L.R.2d 635 (1955). The definition of an insurable interest as set forth in those cases is broad enough to include the mere right to use the property. However, as is specifically pointed out in the Coburn case, the statute which is now applicable, i. e., I.C. § 41–1806, was not enacted until *after* the issuance of the insurance policy involved and the court held it, therefore, inapplicable. We agree with the trial judge that the right of Boyd Beckett to use the cabin, which right could have been terminated at any time at the whim of Mrs. Johnson, does not constitute a *"substantial economic interest"* as is contemplated by the statute.

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., McQUADE and SMITH, JJ., and DUNLAP, D. J., concur.