429 P.2d 416

O. D. CHRISTIANSEN, Administrator of the Estate of Orion Christiansen and Norma Christiansen, Deceased, Plaintiff-Respondent,

v.

William F. RUMSEY and Elaine Rumsey, husband and wife, Defendants-Appellants.

No. 9929.

Supreme Court of Idaho.

June 23, 1967.

Ralph H. Jones, Jr., John R. Black, and Jedd Owens, Pocatello, for appellants.

F. M. Bistline, Pocatello, for appellee.

McQUADE, Justice.

Appellants William F. and Elaine Rumsey, husband and wife, contracted the purchase of a house located in Downey, Idaho, from Orion and Norma Christiansen, husband and wife, under a contract dated March 28, 1963, which requires monthly payments of seventy dollars, due on the first day of each month. The contract contains an acceleration clause by which unpaid principal and accrued interest become due on demand after sixty days notice of default in payment of any installment.

Orion and Norma Christiansen died apparently on the same day, sometime in June 1965, from causes not appearing in the record. On August 16, 1965, respondent O. D. Christiansen, as administrator of their estates, brought the present action for the balance due under the contract as of April 15, 1965, alleging that appellants had defaulted in all payments due since sometime before April 15, 1965, and that more than sixty days notice of default had been given them. Appellants' answer admitted that the contract contained a default acceleration clause, but denied that they were in default. Appellants affirmatively alleged that Orion and Norma Christiansen before their deaths had made a gift to them of the debt representing the balance due.

Respondent moved for summary judgment, and at a hearing on the motion, appellants introduced as their only defensive document an affidavit of appellant-husband, in which he stated,

"* · * * that the defendants [appellants] continued to make payments under the terms of the contract of purchase up until June, 1965; that at the time of the last payment in June, 1965, the said Orion L. Christiansen, deceased, informed the defendant [appellant-husband?] that if anything happened to him the described property should be considered fully paid and absolute conveyance and transfer made to the defendants, William F. and Elaine Rumsey, husband and wife; that thereafter on the following day the said Orion L. Christiansen, and Norma L. Christiansen died; that any balance due under the contract of purchase was considered by the defendants and the plaintiffs, deceased, as fully paid in the nature of a gift."

In this state of the record, the trial judge granted summary judgment for respondent, and, in a memorandum decision, stated his reasons as follows:

"The Court feels that there is no issue of material fact for submission to a jury and that under the law and the facts before the Court, the Court deemed the proposed cancellation of debt to take place upon death to be an attempted testamenory disposition which can only be accomplished by a Will formal or nuncupative and under the facts before the Court, it could only be nuncupative and the requirements of a nuncupative will have not been complied with."

This is an appeal from that judgment.

Regarding the alleged gift's insufficiency as a nuncupative will, the trial court was clearly correct since the record, including appellant-husband's affidavit on summary judgment and appellants' answer, does not suggest that the testamentary words were reduced to writing within thirty days of their utterance as required by I.C. § 15-234, nor that witnesses were present and Orion Christiansen was knowingly in extremis when he attempted the gift. See Cannon v. Seyboldt, 55 Idaho 796, 48 P.2d 406 (1935); see also Coffin v. Hyde, 35 Idaho 247, 205 P. 736 (1922).

Appellants contend, nevertheless, that the record in this action presents two issues of material fact, either of which precludes the entry of summary judgment: first, whether Orion Christiansen made an effective gift to appellants of the debt; secondly, whether appellants were in default prior to the deaths of Orion and Norma Christiansen.

A necessary element of an enforceable gift, be it inter vivos or causa mortis, is present donative intent, that is the giver's purpose or motive to transfer immediately to the donee dominion over the object given. Zimmerman v. Fawkes, 70 Idaho 389, 219 P.2d 951 (1950) (inter vivos and causa mortis); see Boston Ins. Co. v. Beckett, 91 Idaho 220, 419 P.2d 475 (1966) (inter vivos); Gray v. Gray, 78 Idaho 439, 304 P.2d 650 (1956) (inter vivos); Coffin v. Hyde, supra (causa mortis).

An effective gift inter vivos "must be absolute and irrevocable without reference to taking effect at some future period. The mere intention to give in the future is insufficient in law." Boston Ins. Co. v. Beckett, supra, 419 P.2d at 477. "Where the title remains in the would-be donor and does not pass to the intended donee until the death of the donor, the transaction amounts to nothing more than an unenforceable promise, or expression of an intention, to make a gift." Zimmerman v. Fawkes, supra, 70 Idaho at 391, 219 P.2d at 952. "[T]hat the title (although defeasible) pass immediately, is also essential to sustain a gift causa mortis." Id. at 392, 219 P.2d at 952.

Even where the object of gift has been placed in his possession, the donee must establish that its delivery was accompanied by the donor's intention immediately and unconditionally to divest himself of dominion. Claunch v. Whyte, 73 Idaho 243, 249 P.2d 915 (1952); Zimmerman v. Fawkes, supra.

Appellants allege only that Orion Christiansen said "if anything happened to him the described property should be considered fully paid and absolute conveyance and transfer made to the defendants [appellants]." Accepted as fact on the summary judgment hearing, see Sutton v. Brown, 85 Idaho 104, 375 P.2d 990 (1962), Orion Christiansen's statement lacks some essential gift elements, including present intent for immediate transfer of dominion to appellants.

Appellants correctly contend, however, that this record puts in issue the material fact of their default prior to the deaths of Orion and Norma Christiansen. Appellant-husband's affidavit says that he and his wife "continued to make payments under the terms of the contract of purchase up until June, 1965; [and made the] last payment in June, 1965," at which time the attempted gift occurred. This affidavit satisfies the requirements of Idaho R. Civ.P., 56(e), and assuming, as the Court must, that the affiant's statement is true, see Sutton v. Brown, supra, respondent could not maintain his action for default of the contract.

Respondent as moving party had the "burden of establishing that the material facts [were] not in dispute," Driggers v. Business Men's Assurance Co. of America, 219 F.2d 292, 299 (5th Cir. 1955); see Moore's Federal Practice, 56.15(3), and the presence of any issue of material fact precluded entry of summary judgment. Idaho R.Civ.P., 56(c) and 56(d); Steele v. Nagel, 89 Idaho 522, 406 P.2d 805 (1965).

The summary judgment is reversed and the case remanded for proceedings consonant with the views herein expressed on the question of appellants' default. Costs to appellants.

TAYLOR, C. J., and SMITH, McFADDEN, and SPEAR, JJ., concur.