476 P.2d 786

PRUDENTIAL FEDERAL SAVINGS & LOAN ASSOCIATION, a United States Corporation, Plaintiff-Respondent,

v.

Dorris JOHNSON and Violet Johnson, husband and wife, and Federal National Mortgage Association, Defendants-Appellants.

Dorris JOHNSON and Violet Johnson, husband and wife, Third Party Plaintiffs, Appellants,

v.

James ASHPOLE, Ronald M. Campbell, L. Pavich, North American Aluminum Company and North American Builders, Third-Party Defendants, Respondents.

No. 10422.

Supreme Court of Idaho.

Nov. 13, 1970.

Gee & Hargraves, Pocatello, for appellants.

Racine, Huntley, Herzog & Olson, Pocatello, for respondent.

R. Don Bistline, Pocatello, for defendants-respondents.

SPEAR, Justice.

This is an action for the default on a note and the foreclosure of a mortgage initiated by Prudential Savings and Loan Association, plaintiff-respondent, hereinafter referred to as *"Prudential,"* together with a counterclaim by the defendants-*appellants* (the Johnsons), for "reckless, wanton, deceitful, fraudulent or calculated" actions by Prudential and a third party complaint against the third party defendants, James Ashpole, Ronald M. Campbell, L. Pavich, North American Aluminum Company and North American Builders, *respondents* herein for deceitful, false, or careless and wanton misrepresentations alleging damages in the amount of $4,500.00 and punitive damages for $75,000.00, against both Prudential and respondents. Additionally, the appellants seek cancellation of the note and mortgage.

On March 23, 1966 appellants signed a contract with North American Aluminum Company and North American Builders for the installation of U. S. Steel siding on their home in Pocatello, Idaho, at the cost of $2,987.40 payable in 96 installments of $42.25 per month. Three days later they executed a note and mortgage on their home in payment for said contract, which note and mortgage were later assigned by these companies to Prudential. When appellants did not make payments on the installment contract, Prudential initiated this action against them.

Appellants, in a pleading entitled "Answer, Counterclaim and Third Party Complaint," answered denying the execution and delivery of the alleged note and mortgage but admitting that no installments had been made. As grounds for a third party complaint against the North American Aluminum Company and North American

Builders, L. Pavich as president of the companies, and James Ashpole and Robert Campbell as salesmen for the companies, appellants also alleged that any signed documents, including the note and mortgage pleaded by Prudential, were procured by deceitful, false or careless and wanton misrepresentations of respondents (the third party defendants). The allegations against Prudential are as follows:

"X

"That by reason of the actions of plaintiff in supplying documents to and financing the operation of third party defendants, when they should have known of the methods and conduct of such third party defendants, which actions were either reckless, wanton, deceitful, fraudulent, or calculated, third party plaintiffs ask damages in the amount of $4,500.00 and punitive damages of $75,000.00 against the plaintiff and third party defendants."

Thereafter the Prudential served Interrogatories on appellants and the important one to this proceeding, i. e., Interrogatory No. 2 together with the answers thereto, are as follows:

"INTERROGATORY No. 2 In Paragraph X. of your Third Party Complaint, you asked damages in the sum of $4,500.00 plus punitive damages of $75,000.00. Please state specifically:

"(a) The manner in which you arrive at the figure of $4,500.00, and

"(b) The manner in which you arrive at the figure of $75,000.00.

"ANSWER 2. (a) I figure this amount is conservative for the worry, the disturbance, and the stress that this whole thing has caused. I feel that it has further impaired my hearing and upset me and my wife so much that no amount of money could actually compensate for it. Further, they told us we would be 100% satisfied and that we wouldn't have to make any payments. If we do have to and complete the job to our satisfaction, this won't be enough.

"ANSWER 2. (b) I figure that this is a modest sum for people who act as they have done in this case—misleading us, making false promises and wild statements to people like ourselves who have limited education, income and experience, and who are trusting enough to believe the things that such salesmen say."

In a Supplemental Answer, Counterclaim and Third Party Complaint appellants allege in more detail the misrepresentations made by Ashpole and Campbell and relied upon by the Johnsons and included in said allegations is the following:

"3. That the installation of such material would not cost Johnsons any money; that their home would be a 'model home'; that for every person to whom these companies or their representatives showed such model home and who later purchased siding, Johnsons would receive $200.00 to pay toward their job."

And appellants further allege:

"That all such representations and actions of said third party defendants were deceitful, false, or carelessly and wantonly made and done."

The third party defendants answered in detail and among other things denied any misrepresentations to appellants. Prudential's Answer was in the form of a general denial.

Thereafter Prudential made a motion for summary judgment on the general ground that there was no genuine issue of fact raised by the counterclaim and that it was entitled to summary judgment as a matter of law. The motion was based on the pleadings and various interrogatories and answers thereto, but the motion was specifically directed to the fact that the

"Counterclaim fails to state a cause of action for damages or a proper claim under the laws of the State of Idaho in the following respects:

"(1) The claim of $4,500.00 damages is not a proper claim in that it is based upon Defendant's answer to Interrogatory 2(a) wherein the basis is stated to be worry, disturbance and stress and lack of satisfaction, which items are speculative and not a proper measure of damages.

"(2) That the claim for $75,000.00 punitive damages is not sustained by any proper measure of damages under the laws of the State of Idaho as is evidenced by Defendant's answer to Interrogatory 2(b).

"(3) That the Counterclaim is essentially an action for cancellation or rescission of a contract obligation to pay a promissory note and therefore a claim for damages is not a proper claim for relief."

When the Motion for Summary Judgment came on for hearing, counsel for the respondents orally moved to join Prudential in its motion and they were permitted to do so. In his Memorandum Decision the trial court interpreted Prudential's motion and rule thereon as follows:

"Plaintiff's Motion for Summary Judgment was based on three parts:

"First—That the counter-claimants were not entitled to general damages as a matter of law.

"Second—That the counter-claimants were not entitled to punitive damages as a matter of law.

"Third—That the counter-claimants, being equitable in nature and seeking recission [sic] of a contractual obligation, were not entitled to any relief by way of damages.

"With regard to plaintiff's contentions under numbers one and three above, this court deems these to be proper matters for submission to the trier of fact and plaintiff's Motion for Summary Judgment will be denied as to contentions one and three. As to contention number two, the court determines that there is no genuine issue of material fact and

that the facts are such that the defendants and counter-claimants are not entitled to punitive damages as a matter of law. Therefore, plaintiff's Motion for Summary Judgment as to contention number two will be granted."

In the court's order on the Motion for Summary Judgment, compliance with the Memorandum Decision was observed and the motion was denied concerning actual or compensatory damages, as well as the third ground contained in Prudential's Motion for Summary Judgment relative to damages in a rescission action; but motion was granted against the counterclaim for $75,-000.00 punitive damages for the reason that appellants were not as a matter of law entitled to punitive damages, and the court ordered stricken from paragraph X. of appellants' counterclaim the words

"and punitive damages of $75,000.00."

together with the prayer for relief in the counterclaim for $75,000.00 punitive damages.

■ The order addresses itself only to the striking from the "Defendants' Counterclaim" and makes no mention of the third party complaint. However, there is, in fact, only one instrument and pleading and the punitive damages figure of $75,-000.00 is mentioned but once. Since the counterclaim and third party complaint are not separated by separate counts or paragraphs, the order must necessarily be deemed to have included a striking from the third party complaint as well as the counterclaim.

From the portion of the order striking the punitive damages, appellants have perfected this appeal. No appeal has been taken from that portion of the order denying the summary judgment on the actual or compensatory damages or the damages incident to a rescission action.

The sole issue to be decided on this appeal is whether appellants have alleged or shown acts on the part of Prudential or respondents that entitled appellants to punitive damages.

Summary judgment should only be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965); Christiansen v. Rumsey, 91 Idaho 684, 429 P.2d 416 (1967); Collord v. Cooley, 92 Idaho 789, 451 P.2d 535 (1969). To overcome a motion for summary judgment a party need only raise a genuine issue of material fact.

■ It must be recognized that this is an action for rescission of a contract and to be entitled to punitive damages appellants are required to allege or show that the acts about which they complain constituted fraud, malice, oppression or other sufficient reason. Boise Dodge Inc. v. Clark, 92 Idaho 902, 453 P.2d 551 (1969); Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020 (1954); see Village of Peck v. Denison, 92 Idaho 747, 450 P.2d 310 (1969). However, the trial court has already ruled that appellants have alleged or shown sufficient facts to be entitled to present their evidence before the trier of facts as to actual or compensatory damages.

■ Appellants in their original and supplemental counterclaim and third party complaint allege as against Prudential that the corporation's actions were either reckless, wanton, deceitful, fraudulent or calculated and as against respondents that their representations and actions were deceitful, false or carelessly and wantonly made and done. The terms "fraud" and "deceit" are often used interchangeably, deceit being actual fraud. Illinois Minerals Co. v. McCarty, 318 Ill.App. 423, 48 N.E.2d 424 (1943); Dawson v. Martin, 150 Cal. App.2d 379, 309 P.2d 915 (1957), which states that fraud is the quality of being deceitful. Thus the allegations of deceit fall within the purview of fraud as stated in Boise Dodge, supra. These allegations having been denied by Prudential and re-

spondents, the issue of punitive damages has been properly raised.

█ The Interrogatories submitted to defendants and relied upon by Prudential in its motion are no assistance to the issue before this court since they relate only to defendants' measure or computation of the amount prayed for as punitive damages. Punitive damages are by their very nature incapable of definite ascertainment and cannot be governed or measured by any precise standards. 22 Am.Jur.2d Damages, § 264, p. 358; Boise Dodge Inc. v. Clark, supra.

Because of the foregoing, the order of the trial court granting the summary judgment and striking from the appellants' counterclaim and third party complaint the allegation and prayer for punitive damages in the amount of $75,000.00 must be reversed and these allegations restored.

This decision makes unnecessary the disposition of any of the other assignments of error by appellants.

Costs to appellants.

McFADDEN, C. J., and McQUADE,. DONALDSON and SHEPARD, JJ., concur.