**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50252**

| | |
|---|---|
| MARY PIERCE, | ) |
| | ) **Filed: April 18, 2024** |
|     Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JODY MARIE SHANE and THOMAS | ) **OPINION AND SHALL NOT** |
| EDWARD SHANE, husband and wife, | ) **BE CITED AS AUTHORITY** |
| | ) |
|     Defendants-Appellants. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment awarding damages in action seeking title to real property, <u>affirmed</u>.

Swafford Law, P.C.; Ronald L. Swafford, Idaho Falls, for appellants.

Holden Kidwell Hahn & Crapo, P.L.L.C.; Shan B. Perry, Idaho Falls, for respondent.

_____

LORELLO, Judge

Jody Marie Shane and Thomas Edward Shane, husband and wife, appeal from the judgment awarding damages in an action seeking title to real property. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This case involves a dispute between Mary Pierce and her daughter and son-in-law, Jody and Thomas Shane, regarding their respective ownership interests in real property. In 2016, the Shanes moved to Idaho. That same year, Pierce and her husband visited the Shanes and decided to relocate to Idaho. Pierce and her husband purchased a home in Idaho Falls. Shortly thereafter, Pierce's husband passed away, which prompted her son to move in with Pierce in her Idaho Falls home.

1

In early 2017, Pierce and the Shanes began looking for property where they could live together. Pierce and the Shanes enlisted the help of a local realtor who had helped both Pierce and the Shanes purchase property in the past. The parties instructed the realtor that they wished to purchase a property with two residences and acreage for horses. Unable to find a property with two residences, the parties settled on property near Ririe. Because the Ririe property only had one residence, Pierce and the Shanes agreed to remodel the basement into a "mother-in-law apartment."

In April 2017, the Shanes executed a purchase and sale agreement for the Ririe property. The Shanes were the only individuals named in the real estate contract and were the only parties present at the closing. Additionally, while the parties discussed including all of their names on the title to the Ririe property, only the Shanes appeared on the title. Prior to the sale, Pierce and Jody signed a letter (Plaintiff's Exhibit 5) providing the seller of the Ririe property proof of $30,000 in funds available in Pierce's account to be used for the purchase of the property. The letter indicated in part that, "the name of the giftor is Mary Pierce." Soon after, Pierce issued a cashier's check for $429,759.73 for the purchase of the Ririe property. The Shanes did not provide any of the funds used for the purchase. The same day Pierce withdrew the funds for the purchase, she also gifted her son nearly $30,000 for the purchase of a new motorcycle.

The Shanes closed on the Ririe property in May 2017. Once the Shanes moved in, they began remodeling the basement so Pierce could move in. By September 2017, both Pierce and the Shanes lived on the Ririe property. Almost a year following the closing, Pierce filed a complaint against the Shanes seeking an ownership interest in the Ririe property. After being served with the complaint, the Shanes provided Pierce with a notice of eviction, as well as a notice of rent change informing her that she would be charged $1500 a month in rent until she moved out. Thereafter, law enforcement was called to the Ririe property, and Pierce was removed from the residence.

In July 2020, while Pierce's complaint was pending, the Shanes sold the Ririe property for $565,000 and left Idaho. A court trial was held on Pierce's complaint. The district court heard testimony from Pierce, Jody, Pierce's son, Jody's daughter, and the parties' realtor. Following trial, the district court concluded that a constructive trust had been created between Pierce and the Shanes which granted Pierce a beneficial interest in one-half of the Ririe property. The district

court awarded Pierce a judgment for $282,500 as compensation for her one-half interest. The Shanes filed a motion for reconsideration and/or amendment of findings of fact, which the district court denied in part and granted in part.[1] The Shanes appeal.

## II.

## STANDARD OF REVIEW

Where a trial court sits as a finder of fact without a jury the court is required to enter findings of fact and conclusions of law. I.R.C.P. 52(a); *Estate of Hull v. Williams*, 126 Idaho 437, 440, 885 P.2d 1153, 1156 (Ct. App. 1994). Our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the facts found to the applicable law. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986). Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997).

---

[1]     Following argument on the Shanes' motion, the district court struck its finding that Pierce "was in reasonably good health at this time and the plan for her to live in the Ririe Property's basement was not based on any need to care for her." Additionally, the district court amended its finding that Pierce delayed selling her Idaho Falls home to avoid paying capital gains taxes as follows: "*In accordance with her own understanding of the requirements of [her husband's] trust*, [Pierce] delayed selling her [Idaho Falls] house." The district court denied the rest of the Shanes' motion.

3

### III.

### ANALYSIS

The Shanes argue the district court erred in awarding Pierce a judgment for a one-half interest in the Ririe property. Specifically, the Shanes contend the district court erred in concluding Pierce intended to gift only half of the Ririe property. The Shanes further assert the district court erred in concluding a constructive trust had been established between the parties. Pierce responds that the record and applicable law supports the decision of the district court. We hold that the district court's findings and conclusions are supported by substantial and competent evidence and that the Shanes have failed to show the district court erred in awarding Pierce a judgment for a one-half interest in the Ririe property.

### A. Pierce's Gift

Under Idaho law, a "gift" is a voluntary transfer of property by one to another without consideration or compensation therefor. *Banner Life Ins. Co. v. Mark Wallace Dixson Irrevocable Trust*, 147 Idaho 117, 126, 206 P.3d 481, 490 (2009); *Stanger v. Stanger*, 98 Idaho 725, 728, 571 P.2d 1126, 1129 (1977). To effectuate a gift, a donor must deliver property to a donee, or to someone on his or her behalf, with a manifested intent to make a gift of the property. *See In re Estate of Lewis*, 97 Idaho 299, 302, 543 P.2d 852, 855 (1975); *Boston Ins. Co. v. Beckett*, 91 Idaho 220, 222, 419 P.2d 475, 477 (1966). Delivery is accomplished when the grantor relinquishes all present and future dominion over the property. *Banner Life Ins. Co.*, 147 Idaho at 126, 206 P.3d at 490; *see also Boston Ins. Co.*, 91 Idaho at 222, 419 P.2d at 477. Donative intent may be proven by direct evidence, including statements of donative intent or inferences drawn from the surrounding circumstances, such as the relationship between the donor and donee. *Banner Life Ins. Co.*, 147 Idaho at 126, 206 P.3d at 490; *Estate of Hull*, 126 Idaho at 443-44, 885 P.2d at 1159-60. The existence of donative intent is a factual finding to be made by the trial court. *See Nielson v. Davis*, 96 Idaho 314, 315, 528 P.2d 196, 197 (1974).

*Inter vivos* gifts are not presumed, even in familial relationships, and the burden is on the beneficiary to establish every element of the gift, including donative intent. *See Claunch v. Whyte*, 73 Idaho 243, 248, 249 P.2d 915, 917-18 (1952). While the relationship shared by donor and donee may be a factor in determining donative intent, a familial relationship alone is insufficient to establish a conveyance was a gift and may impose a higher burden of proof. *Id*. Where the

4

donee stands in a fiduciary or confidential relationship to the donor, the burden is increased to the extent of requiring the beneficiary to establish the gift by clear and convincing evidence. *Id.* at 248, 249 P.2d at 918. Clear and convincing evidence is evidence that indicates the thing to be proved is highly probable or reasonably certain. *Dep't of Health & Welfare v. Doe (2016-17)*, 161 Idaho 398, 403, 387 P.3d 66, 71 (2016).

In this case, the district court determined that, because Pierce's purchase of the Ririe property occurred shortly after the death of her husband and because Pierce trusted the Shanes to negotiate the terms of the purchase, a fiduciary relationship between the parties was established. Accordingly, the Shanes were required to establish, by clear and convincing evidence, that the funds used to purchase the Ririe property were offered to them as a gift. While the district court determined the evidence was "reasonably certain and highly probable that [Pierce] intended to gift half of the Ririe property to the Shanes," it was "not reasonably certain or highly probable that [Pierce] intended to gift the entire property." To the contrary, the district court determined that the funds Pierce provided "were intended to purchase real property to be shared between [her] and the Shanes." The district court noted five reasons justifying its conclusion.

First, the district court cited the parties' initial efforts to find a property with two residences--one for Pierce and one for the Shanes. Second, when the parties were unable to locate property with two residences, they decided to remodel the Ririe property's basement into a "mother-in-law apartment" to provide Pierce a living space. Third, the district found that Pierce intended to equalize her gifts to Jody and Pierce's son. Given Pierce's intention, the district court determined that "gifting the entire $430,000 property to Jody alone would be far from equal." Fourth, as evidenced by the testimony of Jody's daughter, Pierce made clear that she did not want her name on the Ririe property's title because she "wished to avoid any of the property going to [her late-husband's] heirs." As such, the district court found that Pierce "was not foregoing having her name on the title for the sake of a gift, but for estate planning purposes." Finally, the district court found the Shanes also had an interest in keeping Pierce's name off the title because of previous property disputes Jody had with her mother. Based on this evidence, the district court could not conclude it was reasonably certain or highly probable that Pierce intended to gift the Shanes 100 percent interest in the Ririe property. Accordingly, the district court found the

5

evidence presented demonstrated, "clearly and convincingly, that [Pierce] intended to gift half of the Ririe property to the Shanes."[2]

On appeal, the Shanes contend the district court erred in concluding Pierce intended to gift half of the Ririe property because "the weight of the evidence clearly establishes, by clear and convincing evidence, that the funds" were a gift. The Shanes do not challenge the district court's conclusions regarding Pierce's gift. Moreover, the Shanes fail to provide any authority or cogent argument. Instead, they provide a litany of factual assertions which they argue prove that Pierce's donative intent was to gift the total funds used to purchase the Ririe property. The Shanes also highlight instances of conflicting testimony presented at trial. The factual assertions raised by the Shanes were argued to and evaluated by the district court. The Shanes essentially ask this Court to reweigh the evidence presented at trial. It is well established that appellate courts in Idaho do not reweigh evidence. *Neustadt v. Colafranceschi*, 167 Idaho 214, 227, 469 P.3d 1, 14 (2020). The district court weighed the evidence presented at trial and, despite conflicting testimony, determined that Pierce intended to gift the Shanes only half of the Ririe property. Absent clear error, we will not disturb those findings on appeal. *See Woods v. Woods*, 163 Idaho 904, 907, 422 P.3d 1110, 1113 (2018) (explaining that findings of fact that are supported by substantial and competent evidence are not clearly erroneous--even in the face of conflicting evidence in the record). The Shanes have failed to show either factual or legal error underlying the district court's conclusion that Pierce intended to gift only half of the Ririe property to the Shanes.

B.      **Constructive Trust**

A constructive trust arises when legal title to property has been obtained through actual fraud, misrepresentations, concealments, taking advantage of one's necessities, or under circumstances otherwise rendering it unconscionable for the holder of legal title to retain beneficial interest in property. *Snider v. Arnold*, 153 Idaho 641, 643, 289 P.3d 43, 45 (2012); *Hettinga v. Sybrandy*, 126 Idaho 467, 470, 886 P.2d 772, 775 (1994); *Witt v. Jones*, 111 Idaho 165, 168, 722 P.2d 474, 477 (1986). Imposition of a constructive trust is an equitable remedy and does not require that the holder of legal title intend to create a trust interest in another. *Snider*, 153 Idaho

---

[2]      With regard to the letter signed by Pierce providing the seller of the Ririe property proof of funds in her account to be used for the purchase of the property, the district court found Pierce's "giftor" designation applied only to the $30,000 referenced in that letter.

at 643-44, 289 P.3d at 45-46.  Indeed, a constructive trust arises from the legal title holder's wrongful actions and not from any intent to create a trust.  *Id*. at 644, 289 P.3d at 46.  A party seeking to impose a constructive trust must prove the facts alleged to give rise to the trust by clear and convincing evidence.  *Id*.  Whether a party presented sufficient evidence to meet the clear and convincing standard is a finding of fact that this Court will uphold if substantial and competent evidence supports it.  *Id*.

Additionally, the Idaho Supreme Court has established that a constructive trust can arise when a person who holds title to property is subject to an equitable duty to convey it to another on the ground that he or she would be unjustly enriched if permitted to retain it.  *Rowe v. Burrup*, 95 Idaho 747, 750, 518 P.2d 1386, 1390 (1974); *Davenport v. Burke*, 30 Idaho 599, 608, 167 P. 481, 483 (1917).  To establish a claim for unjust enrichment, a plaintiff must prove:  (1) there was a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof.  *Turcott v. Estate of Bates*, 165 Idaho 183, 190, 443 P.3d 197, 204 (2019); *Lincoln Land Co., LLC v. LP Broadband, Inc.*, 163 Idaho 105, 109, 408 P.3d 465, 469 (2017).  Thus, to recover damages for unjust enrichment, the complaining party must establish that the equities of the case would otherwise make it unfair for the recipient of the enrichment to receive a benefit without making compensation for the value of that benefit.  *Turcott*, 165 Idaho at 190, 443 P.3d at 204.

In this case, the district court determined there were two bases establishing a constructive trust between Pierce and the Shanes--the fifth *Snider* basis (that it would be unconscionable for the holder of legal title to retain beneficial interest in property) and *Rowe*'s "unjust enrichment" basis.  Because Pierce had a one-half interest in the Ririe property, held in trust, the district court concluded she was entitled to recover half the money obtained upon the Shanes' sale of the property.  Accordingly, the district court awarded Pierce $282,500.  With regard to the fifth *Snider* basis, the district court determined that, while the evidence showed Pierce intended to gift half of the Ririe property's purchase price, "it would be inequitable and unconscionable for the Shanes to retain the benefit of the second half of the purchase price without any payment for the value thereof."  On appeal, the Shanes argue the district court erred when it found a constructive trust was established due to unconscionability because there were no findings that the title to the Ririe

7

property was obtained "through actual fraud, misrepresentations, concealments, taking advantage of one's necessities, or under circumstances otherwise rendering it unconscionable for the holder of legal title to retain beneficial interest in the property." The Shanes appear to argue that all five elements articulated in *Snider* must be established by clear and convincing evidence in order to establish a constructive trust. We disagree.

Contrary to the Shanes' argument, *Snider* does not list five elements required to establish a constructive trust. Instead, as evidenced by use of the word "or," *Snider* lists five alternative bases for establishing the existence of a constructive trust. *Snider*, 153 Idaho at 643, 289 P.3d at 45; *See Markel Int'l Ins. Co., Ltd v. Erekson*, 153 Idaho 107, 110, 279 P.3d 93, 96 (2012) (holding the word "or" is a disjunctive particle used to express an alternative or to give a choice of one among two or more things); *Fraiser v. Fraiser*, 87 Idaho 510, 514, 394 P.2d 294, 297 (1964) (stating the word "or" may be used to mark off and separate alternative ideas, and it may indicate one or the other of two or several persons, things, or situations, and not a combination of them and often connects a series of words or propositions, presenting a choice of either). Thus, Idaho law does not require the district court to find all five *Snider* bases in order to establish a constructive trust. Accordingly, the Shanes have failed to show error in the district court's finding that it would be unconscionable for them to retain the benefit of the entirety of the proceeds from the sale of the Ririe property.

The district court also concluded that Pierce established the creation of a constructive trust through the doctrine of unjust enrichment--that the Shanes were unjustly enriched by Pierce's purchase of the property. Specifically, the district court concluded Pierce conferred a benefit upon the Shanes by paying the entirety of the Ririe property purchase price and that the Shanes appreciated the benefit of those funds in acquiring title to the entire property. The district court found "the Shanes also appreciated a benefit from appreciation in the value of the property from the original approximate $430,000 purchase price to its resale price of $565,000 in 2020." Because the Shanes were unjustly enriched by obtaining title to the entire Ririe property while only being gifted half the purchase amount, the district court concluded a constructive trust arose with Pierce as the beneficiary to half of the Ririe property.

On appeal, the Shanes argue the district court erred when it found a constructive trust was established due to unjust enrichment because there were no findings of fact to show the Shanes

8

"would be unjustly enriched if allowed to retain 100% beneficial interest in the Ririe property." However, the Shanes do not challenge the district court's conclusions as to each basis of unjust enrichment. Moreover, the Shanes fail to support their argument on appeal with any authority or cogent argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Accordingly, the Shanes have failed to show either factual or legal error in the district court's conclusion that Pierce established the creation of a constructive trust through the doctrine of unjust enrichment.

## C. Attorney Fees on Appeal

An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). On appeal, both parties request an award of attorney fees. We address each request in turn.

### 1. The Shanes' request for attorney fees

The Shanes request an award of attorney fees contending Pierce "knew and had knowledge at all times what she was doing when she made the gift and most apparently when she decided to file this lawsuit." Because of the district court's findings regarding Pierce's business acumen and experience, the Shanes argue "this case is a prime example" of a civil action where justice requires the prevailing litigant be made whole by awarding attorney fees and costs. The Shanes' argument fails for two reasons.

First, the Shanes are not the prevailing party in this civil action. Moreover, the Shanes cite and apply the wrong standard for determining whether an award of attorney fees is warranted. While the Shanes assert they are "entitled to attorney fees and costs in this matter pursuant to I.C. § 12-121 and I.A.R. 40(a) and 41(a)," they do not apply the standards set out in those sections. Instead, the Shanes cite a portion of the Idaho Session laws from 1987 for the following proposition: "It is the intent of the legislature of the state of Idaho that this act grant prevailing litigants in civil actions the right to be made whole for attorney's fees and costs when justice so requires." 1987 Idaho Sess. Laws, ch. 263. This is not the appropriate standard for determining whether an award of attorney fees is proper. The Shanes are not entitled to attorney fees on appeal.

### 2. Pierce's request for attorney fees

Pierce argues she is entitled to attorney fees on appeal because the Shanes' appeal "was not brought reasonably or in good faith" and is nothing more than an invitation for this Court to reweigh the evidence presented at trial.

An award of attorney fees is appropriate if the appellant only invites this Court to second-guess the trial court on conflicting evidence or if the law is well settled and the appellant has made no substantial showing that the lower court misapplied the law, or no cogent challenge is presented with regard to the trial court's exercise of discretion. *Pass v. Kenny*, 118 Idaho 445, 449-50, 797 P.2d 153, 157-58 (Ct. App. 1990); *McPherson v. McPherson*, 112 Idaho 402, 407, 732 P.2d 371, 376 (Ct. App. 1987). That standard for an award of attorney fees is satisfied in this case. Accordingly, Pierce is awarded attorney fees on appeal.

## IV.

## CONCLUSION

Substantial and competent evidence supports the district court's findings and conclusions that Pierce intended to gift the Shanes half of the Ririe property and that a constructive trust was established between the parties for one-half of the value of the property. The Shanes have, therefore, failed to show any error in the district court's finding that Pierce had an ownership interest in the Ririe Property. Accordingly, the district court's judgment awarding Pierce an ownership interest in the Ririe property is affirmed. Costs and attorney fees on appeal are awarded to Pierce.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.

10